PRICE, Judge.
This is an appeal from a judgment in a tort action awarding damages to the plaintiffs for personal injuries sustained by a sixty-six year old woman who slipped and fell in a supermarket in Winnfield, Louisiana.
Plaintiffs are Goldie C. Farris, the injured party, who is joined by her husband, West Farris. Defendants are Earl Baker and Ralph Baker, individually and as partners in the business known as Baker’s Pig-gly Wiggly, and their liability insurer, The Phoenix Insurance Company. A third party petition filed by the original defendants above named impleads the Nehi Bottling Company, Inc., as a third party defendant in the action.
The record establishes that the accident happened in the Baker’s Piggly Wiggly Supermarket on March 8, 1967. Just prior to Goldie Farris’ entering the store to shop, an employee of the Nehi Bottling *412 Company dropped one or more bottles of R.C. Cola near the soft drink display area. He immediately procured a mop and bucket and dry mopped the liquid spilled on the floor. The store manager, Cecil McCain, was present and observed the clean up operation. A few minutes later Goldie Far-ris entered the store, and while shopping in this aisle walked upon the freshly mopped area, slipped and fell, sustaining an injury to her knee and a lumbosacral sprain.
We think the evidence in the record clearly establishes that the asphalt tiled floor area where plaintiff slipped was still damp and this condition caused the fall. There was testimony by the store manager, McCain, that when he arrived on the scene plaintiff stated she slipped and fell and that he saw a skidmark left by her foot as she slipped. Also a witness shopping nearby, Mrs. Lillian Floyd, testified the floor was still damp and wet as she examined it after Goldie Farris fell.
Under the holding of this court in the case of Bowers v. Lumbermens Mutual Casualty Company, 131 So.2d 70 (La.App. 2d Cir., 1961), (relied on by the trial judge in his reasons for judgment) the failure by the store proprietor to use reasonable care in protecting customers against such a dangerous condition is negligence.
There are two serious issues raised by this appeal:
(1) The contention that plaintiff, Goldie Farris, was guilty of contributory negligence, as she allegedly declared in a statement to an insurance adjuster on March 30, 1967, that she saw the damp spot but did not see any puddles of water standing, and, therefore, thought she could walk on it safely. This written statement filed in the record under an offer of proof, was prepared by the insurance adjuster and signed by Goldie Farris. It was witnessed by her forty-eight year old daughter, May Lois Brown.
Goldie Farris denied narrating to the adjuster about one month after the incident that she had seen the damp area before entering it, falling, and suffering her injury; the adjuster was not present at the trial nor had his explanation been procured in advance via deposition. The trial transcript discloses that Goldie possesses a fourth grade education, and that the witness, May Lois Brown, who finished the tenth grade, was not present for the entire period during which Goldie’s recital of facts was allegedly being transposed by the adjuster in his *own handwriting. Goldie Farris had no opportunity to confront the insurance adjuster with these facts during the trial. Accordingly, the trial judge was correct in refusing to admit the statement written by the adjuster.
The trial judge accepted the testimony of Goldie Farris denying that she saw the damp area prior to her fall. Although the evidence suggests that the mopped area was slightly different in color than the remaining floor area due to its still being damp, it is only logical that a slightly damp floor area will not be suggestive of danger to a person using the passageway as a floor area that is thoroughly wet. The cleaning operation having been completed and no restriction having been placed by the man-aegment on the use of the area by patrons shopping in the store we do not find Goldie Farris negligent in proceeding to use this portion of the aisle. In the Bowers case, cited supra, this court pointed out that the plea of contributory negligence is an affirmative defense and the burden for the establishment thereof by proof amounting to a legal certainty is well supported by our jurisprudence.
We do not find any error in the refusal of the trial judge to sustain the plea of contributory negligence.
(2) The other issue raised on this appeal is appellants’ contention that the trial judge erred in rejecting their third party demands against the Nehi Bottling Company, Inc. for contribution of one-half of any amount for which they are cast in judgment under the theory that the employee *413 of Nehi was guilty of negligence in causing the condition to exist, thus making Nehi a joint tort feasor.
In the original decision of the trial court judgment was rendered in favor of third party plaintiff against Nehi. On rehearing the court reversed this holding and rejected the third party demand.
The breakage of one or more bottles of the soft drink by the bottling company in delivering the product to the grocer’s display counter does not of itself constitute actionable negligence. This could reasonably be expected to happen at various times in the regular conduct of business, without probability of harm to others.
No liability can be assessed to the bottling company so long as it uses reasonable care to protect others from harm by virtue of the accidental spillage. We think the Nehi employee did what a reasonable person would do under the circumstances of this case. He immediately proceeded to mop up the liquid and had done this to the satisfaction of the store manager, Cecil McCain, who testified that after the Nehi employee mopped the area he saw no glass on the floor and he saw no need for anything further to be done to protect customers using the area.
At this point the Nehi employee had done all that he could do on the premises of another to protect third parties from harm. Any obligation to use additional means to protect customers fell upon the manager of the supermarket.
We, therefore, are of the opinion the judgment of the trial court rejecting the third party demand is correct.
Plaintiff has answered the appeal of defendants, asking for an increase in the award for personal injuries. The trial court awarded the plaintiff, Goldie Farris, the sum of $1,250.00 for her pain and suffering, and her husband $409.65 for medical expenses paid on her behalf.
Goldie Farris was hospitalized for a period of eight days and was treated for contusions and swelling of her right knee and a lumbosacral sprain. She was treated by an orthopedic surgeon, Dr. J. B. Samson. The medical expert’s testimony indicates plaintiff has no permanent disability.
The trial judge, in written reasons, believed the complaints of plaintiff, Goldie Farris, of continued pain to be grossly exaggerated. Although we recognize that the award is somewhat minimal for the period of convalescence endured by this plaintiff, we do not believe that the discretion vested in the trial judge in the awarding of damages under LSA-C.C. art. 1934(3) has been abused.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.