368 So.2d 1167 (1979)
Edna SIMMONS, Individually and on behalf of her minor daughter, Jane Simmons, Plaintiff and Appellant,
v.
CITY OF LAKE CHARLES et al., Defendants and Appellees.
No. 6873.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1168 Hunt, Godwin, Painter & Roddy, David Painter, Lake Charles, for plaintiff and appellant.
Plauche, Smith, Hebert & Nieset, James R. Nieset, Lake Charles, Woodley, Barnett, Cox, Williams & Fenet, Robert W. Fenet, Lake Charles, Levingston, Ezell & Liles, Henry R. Liles, Lake Charles, for defendants and appellees.
Before CULPEPPER, FORET and DOUCET, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries. Plaintiff's 13-year old daughter was riding her bicycle on a public street in the City of Lake Charles on December 31, 1974 when the tire of her bicycle struck an alleged "irregular place, or hump" where the concrete driveway into the residence of Mr. and Mrs. Mark J. Bellard ended on the concrete street. The bicycle fell, and she suffered head injuries. Named as defendants in plaintiff's original petition filed on December 31, 1975 are: (1) The City of Lake Charles and its liability insurer, Signal Insurance Company; (2) Mark J. Bellard, alleged owner of the driveway, and his liability insurer, Republic Insurance Company; (3) Southern Construction Company, which is alleged to have constructed the street. In a supplemental petition, filed more than one year after the date of the accident, plaintiff alleges that Mrs. Louisa Erny Bellard is the owner of the abutting property, rather than her husband, Mark Bellard. The Bellards and their liability insurer filed an exception of prescription on the basis that suit was filed against the actual owner of the property more than one year after the accident. They also filed a motion for summary judgment on the basis that the alleged defect at the end of their driveway is located in the city street, not on their private property, and that the only allegations of negligence on the part of the Bellards is that they knew of the defect in the street and failed to correct it. The Bellards contend they had no duty to correct defects in the street of which they had knowledge, their only duty being to refrain from creating *1169 defects in the street. The district judge sustained the motion for summary judgment "on the grounds of prescription and non-ownership of the property where the accident is alleged to have occurred." The plaintiff appealed.
The substantial issues are: (1) Was the defect in the street? (2) As a matter of law, what is the duty of the owner of property adjoining a city street as to defects in the street? (3) Based on the pleadings, affidavits and other documents which may be considered on the motion for summary judgment, is there a genuine issue of material fact as to whether the Bellards breached their duty not to create the defect in the street which caused the injuries to plaintiff's child?
NON-OWNERSHIP OF PROPERTY
In support of their motion for summary judgment, the Bellards filed an affidavit stating that the residence which they own is located on Lot 9, Block N of Greinwich Terrace, Tract No. 2. Attached to their affidavit is a copy of a plat of a survey by a registered surveyor showing the location of their dwelling and the driveway which extends from their property line a distance of 18 or 20 feet out into the street. Since plaintiff alleges the defect in the street which caused the injuries is at the end of the Bellard driveway, the affidavit by the Bellards and the attached plat show that the defect in question is in the street on property owned by the City of Lake Charles and not on property owned by the Bellards. Neither the plaintiff nor the City of Lake Charles, as third party plaintiff, filed any affidavits or other documents to contradict the Bellards' affidavit that the defect is in the street. Thus, there is no genuine issue of material fact in this regard. LSA-C.C.P. Articles 966 and 967; Tubbs v. Louisiana Power & Light Company, 349 So.2d 994 (2d Cir. 1977).
DUTY OF OWNER OF PROPERTY ABUTTING STREET
In her petition, plaintiff makes the following allegations of negligence on the part of the Bellards:

"5.
"On or about December 31, 1974, at approximately 4:00 o'clock P.M., the daughter of petitioner, was riding her new bicycle on North General Wainwright Street in the CITY OF LAKE CHARLES in a subdivision known as Greinwich Terrace, when she hit an irregular place where the street connected with the driveway of MARK J. BELLARD. This irregular place, or hump, in the pavement caused JANE SIMMONS to lose control of the bicycle and fall down on the concrete, hitting her head, causing grevious and serious injuries to her scalp, skull and brain.

* * * * * *

"8.
"Defendant, MARK J. BELLARD, is the owner of the residence at 3317 North General Wainwright Street and his driveway was pushed upward by the slipping or movement of the curve of General Wainwright in a Northerly direction at the intersection of North General Wainwright and East General Wainwright. MARK J. BELLARD was aware of this slippage and of the fact that his driveway was being forced up, creating a dangerous condition, and did nothing to remedy the conditions. BELLARD'S failure also caused the injury of JANE SIMMONS.

"9.
"The improper construction of the street by SOUTHERN CONSTRUCTION COMPANY caused it to slip in a Northerly direction when used by normal traffic, for which it should have been designed. The slipping to the East of the street caused driveways in the area to buckle or raise up as the street slid under them. The CITY OF LAKE CHARLES, after it accepted the street, was made aware of the movement of the street and did nothing to correct the condition. The homeowner, MARK J. BELLARD, was aware that this was happening to his driveway *1170 and did nothing to rectify the situation and fix his dangerous driveway. The negligence of all the defendants, when joined together, caused the injuries JANE SIMMONS suffered."
Plaintiff filed a supplemental and amending petition stating that actually Mrs. Louisa Erny Bellard is the owner of the property in question, rather than her husband, Mark Bellard, and she makes this allegation as to the Bellards' negligence:
"`Mark J. Bellard, who normally did the repair work around the house and Louisa Erny Bellard, the owner, were both aware of the slippage and the fact that their driveway was being forced up, creating a dangerous condition and did nothing to remedy the conditions. The Bellards' failure to do so caused the injuries of Jane Simmons.'"
On the basis of these allegations by plaintiff that the defect was at the end of the Bellards' driveway, and the Bellards' affidavit and attached plat of survey showing that the end of their driveway is in the city street approximately 20 feet from the Bellards' property line, the motion for summary judgment should be granted. The jurisprudence is clear that the owner of the property adjoining a city street is not liable for injuries sustained as a result of a defect in the street. The one exception to this rule is that the abutting property owner may be liable where he creates the defect. St. Paul v. Macenroth, 246 La. 425, 165 So.2d 273 (1964); Snow v. City of Shreveport, 287 So.2d 647 (La.App. 2d Cir. 1974, writ refused). In the present case, plaintiff does not allege that the Bellards created the defect in the street. Plaintiff alleges only that they knew of the defect and failed to correct it.
GENUINE ISSUE OF MATERIAL FACT
The final issue is whether the pleadings, affidavits and other documents which may be considered on the motion for summary judgment show that there is a genuine issue of material fact as to whether the Bellards created the defect in the street. As stated above, plaintiff's petition does not allege that the Bellards created the defect. Plaintiff alleges only that the Bellards knew of the defect and failed to correct it. Furthermore, plaintiff filed no opposing affidavits or other documents raising any issue as to whether the Bellards created the defect. Nevertheless, in her brief filed in this Court, plaintiff relies on the allegation in the third party demand by the City of Lake Charles that the Bellards were negligent in the "Creation of conditions which caused the defect." Additionally, plaintiff relies on an affidavit filed by the City of Lake Charles in opposition to the Bellards' motion for summary judgment. The affidavit in question is by a Mr. John Jaynes, an investigator for the City. In this affidavit, Mr. Jaynes states that during his investigation "Mr. and Mrs. Bellard indicated that since 1967 the driveway had been repaired several times by Mr. Bellard and that Mrs. Bellard paid to have the driveway repaired once." Attached to this affidavit is Mr. Jaynes' handwritten statement of what the Bellards told him. It is noteworthy that this handwritten statement contains no indication that the Bellards told Mr. Jaynes that they had repaired the driveway. Thus, the question is whether the above quoted statement from Mr. Jaynes' affidavit may be considered on the motion for summary judgment, and whether, if considered, it is sufficient to raise a genuine issue of material fact.
We conclude the affidavit of Mr. Jaynes may be considered. In a trial on the merits, Mr. Jaynes' testimony would be admissible as an out of court statement by a party to the suit. Farris v. Baker, 240 So.2d 410 (La.App. 2d Cir. 1970).
Although the affidavit by Mr. Jaynes may be considered, it is not sufficient to raise a genuine issue of material fact. The affidavit states only that Mr. and Mrs. Bellard told Jaynes that they had repaired the driveway several times. There is nothing in the affidavit indicating specific facts as to the nature of these repairs and, thus, nothing to indicate that these repairs in any way created any hazard or defect in *1171 the street. If Mr. Jaynes were permitted to take the witness stand and testify at the trial that the Bellards told him they had repaired the driveway several times, this would clearly not be sufficient to find liability on the part of the Bellards.
We recognize the established rule that all reasonable doubts are to be resolved against the granting of summary judgment, that summary judgment procedures are not a substitute for trial on the merits, and that summary judgment should not be granted where the materials considered show that there is a genuine issue of fact which should be tried on the merits. Parker v. South Louisiana Contractors, 340 So.2d 322 (La. App. 1st Cir. 1976).
However, LSA-C.C.P. Article 967 provides in pertinent part:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits, or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." (Emphasis supplied)
In the present case, the Bellards' motion for summary judgment was supported by their affidavit and attached plat showing that they did not own the property where the accident occurred. Under the law, they are not liable unless they created the defect in the street. Plaintiff's petition does not allege that the Bellards created the defect. Plaintiff did not seek to amend her petition to allege that the Bellards created the defect, nor did she introduce any affidavits or other material to show that they created the defect. Instead, plaintiff, on appeal, relies on the allegation in the city's third party demand that the Bellards created the defect, and on the affidavit by Mr. Jaynes that the Bellards told him they had repaired the driveway. Even if we consider, as plaintiff suggests, the affidavit by Mr. Jaynes, it does not "set forth specific facts showing that there is a genuine issue for trial," within the meaning of this requirement in LSA-C.C.P. Article 967. The affidavit is clearly deficient in that it does not set forth "specific facts" as to the nature of the repairs or the way in which such repairs could have created a defect which could have caused the accident.
Having concluded there is no genuine issue of material fact as to whether either Mr. or Mrs. Bellard could have created a defect in the street which could have caused the accident, we do not reach the issues regarding prescription.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.