MARVIN, Judge.
In this appeal of a summary judgment foreclosing by ordinary process on real estate under a vendor’s lien mortgage, we find material factual issues and other discrepancies which make summary judgment inappropriate and reverse.
The vendor’s lien was created in a credit sale of real estate by Coon to Hanks in 1973 providing for payment in annual installments on March 25 of each year. Kennedy acquired the property from Hanks’ vendees in 1976 and assumed the obligations of the credit deed.
Kennedy paid the annual installments in 1977, 1978 and 1979 by delivering payment to Coon. The credit sale did not provide where payment was to be made but gave Coon’s address as Route 1, Box 58, Choud-rant, Louisiana.
On March 29, 1980, Kennedy telephoned Coon to learn Coon’s mailing address and informed Coon that he was mailing checks for the 1980 installments. Coon gave Kennedy the address, Route 2, Box 388, Choud-rant, Louisiana 71227, and did not otherwise comment or indicate an intention to accelerate and mature the note. Kennedy mailed the checks to Coon on March 29, 1980, and Coon received them on or before April 1, 1980. Coon returned the checks to Kennedy in a transmittal letter dated April 4, 1980.
About April 1, 1980, Coon mailed and Kennedy received notice of Coon’s intent to accelerate and mature the note according to its terms.
About April 10, 1980, Coon offered Kennedy in writing to accept less than the installment payment if Kennedy would agree to increase the rate of interest on the note from 7 percent to 15 percent.
On April 18,1980, Kennedy filed a declaratory judgment action against Coon.
On May 14, 1980, Coon filed the foreclosure action against Hanks. Kennedy intervened in the foreclosure action and the two actions were consolidated.
Hanks did not answer or appear and a preliminary default was not entered against him.
*514 The trial court granted Coon’s motion for summary judgment in the consolidated actions without naming who the judgment was against. In Coon’s action, the summary judgment was in favor of Coon for the balance due on the note and ordered foreclosure of the property under the lien, and in Kennedy’s action the summary judgment simply rejected Kennedy’s demands.
A judgment cannot be rendered against a defendant who has not been defaulted and who has not appeared or answered. Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir. 1976). See also CCP 3722 and Spencer v. Collins, 338 So.2d 148 (La. App. 2d Cir. 1976).
Summary judgment will not be allowed where genuine issues of material fact exist. CCP 966; Simmons v. City of Lake Charles, 368 So.2d 1167 (La.App. 3d Cir. 1979). The validity and effect of Kennedy’s depositing the checks in the mail on March 29, 1980, Coon’s exercise of the option to accelerate and mature the note and the question of Coon’s acquiescence or consent by silence to accept the late payment and of Coon’s failure to object to Kennedy’s mailing the checks, in the telephone conversation of March 29, 1980, present genuine issues of material facts which can only be resolved at a trial. See Guichard v. Grennup, 187 So.2d 516 (La.App. 4th Cir. 1966). See also Chapman v. Capri Constn. Co., 248 So.2d 101 (La.App. 4th Cir. 1971).
Summary judgment is reversed at Coon’s cost and these cases are remanded for further proceedings.