BYRNES, Judge.
This case arose as a result of an accident between a car driven by the appellant Herbert McGee, Jr. and a pickup truck driven by the appellee Harold R. Bourgeois[1]. The accident occurred as McGee was making a left turn onto Poland Avenue in New Orleans. McGee’s car was struck by Bourgeois’ truck causing injury to both McGee and his vehicle. McGee filed suit against Bourgeois and his employer Leonard B. Herbert, Jr. & Co. for medical expenses, personal injury, and property damage. The defendants answered the petition and filed a reconventional demand. After the answer had been served and several days before trial, McGee amended his petition to include a demand of $4,000 for lost wages. At the close of trial the court rendered judgment in favor of McGee. Included in the judgment was an award of $1728.00 in lost wages.
The appellants do not question liability in this appeal, but argue that the award of lost wages should not have been allowed because the amended petition which first made this demand was not filed in conform- *605 anee with Article 1151 of the Louisiana Code of Civil Procedure. This article requires leave of the court or consent of opposing counsel before an amended petition can be filed after the answer had been served. Appellants also argue that since they never answered the amended petition the issue of lost wages was not properly joined and judgment on this issue should not have been rendered. We disagree with both contentions and affirm the ruling of the lower court.
AMENDED PETITION
Appellants are correct in claiming that special damages must be specifically alleged in the pleadings. C.C.P. Art. 861. In this case, the special damage of “lost wages” was specifically pled in a supplemental and amended petition. C.C.P. Art. 1151 provides that after an answer is served, a petition can be amended only by leave of court or by written consent of the adverse party. Appellants claim that the amendment was not approved by the court and that the petition was therefore without legal effect. This argument fails on two grounds.
First, in his reasons for denying appellants’ motion for new trial, the trial judge stated that McGee’s counsel presented the amended petition to him but he could not sign it because it lacked a place for his signature. The judge made it clear that if there had been a place for his signature he would have signed the amended petition. Thus it is safe to assume that McGee at least obtained leave of court to file his supplemental and amended petition even if that pleading was not signed by the judge as required by C.C.P. Art. 1151.
Second, the trial judge specifically found that C.C.P. Art. 1154 applied to the facts before him and allowed the pleadings to be expanded to include the claim for lost wages. C.C. Art. 1154 provides in part that:
... If evidence is objected to at the trial on the grounds that it is not within the issues made by the pleading, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
The trial judge found that the defendant not only showed no surprise but had in fact admitted to the court that he was not prejudiced or surprised by the demand for lost wages. As the 3rd Circuit observed in Deshotel v. South Louisiana Contractors, Inc., 487 So.2d 789 (La.App. 3rd Cir.1986):
“Article 1154 is a liberal rule which allows the trial court to ameliorate the harsh rule of strict pleading under appropriate circumstances. In allowing any amendment, especially at a late date, the court should protect the defendant by. giving due consideration to prejudice which might result and in the granting of a continuance if appropriate.”
In the instant case, the judge found that the defendant was not prejudiced by the expansion of the pleadings and that the issue of lost wages was properly before the court. Having reviewed the record, we agree with this ruling.
ISSUE NOT JOINED
Appellants, citing Malbrougk v. Wheat, 428 So.2d 1110 (La.App. 1st Cir. 1983) as authority, also argue that even if the pleadings were amended under C.C.P. Art. 1151, the issue of lost wages was not properly before the court because it was not joined by answer, preliminary default or waiver. We do not agree. The Malb-rough court held that:
“[a]n issue is not joined between a plaintiff and a defendant until the defendant files an answer to the plaintiff’s petition, or until the plaintiff obtains a valid preliminary default against the defendant. No valid judgement may be rendered against a party with whom issue was not joined by way of answer, default or waiver. Malbrougk, supra at 1112 (citing Kennedy v. Coon, 401 So.2d 512 (La. App. 2nd Cir.1981), and other cases).
*606 Appellants have cited the correct case, but not the correct application of the law. Looking back to Kennedy, and to the more recent case of Vincent v. Forrest Drilling Co., 491 So.2d 797 (La.App. 3rd Cir.1986), the standard for judgments in the present situation is that “no judgment can be rendered against a defendant who has never answered, or made an appearance in the trial court, in the absence of a preliminary default.” Vincent, supra, at 798.
Under C.C.P. Art. 7, the appellant’s actions in appearing in court and defending the suit on the merits constituted a general appearance. Moreover, the record shows that defense counsel declined the trial court’s invitation to respond to the amended pleadings in open court and did not request a continuance under C.C.P. Art. 1154.
Under these circumstances we hold that the issue of lost wages was properly before the court under C.C.P. Arts. 1151 and 1154, that proper consideration was given to possible prejudice of the defendant, and that the issue of lost wages was properly joined. The judgment of the trial court is therefore affirmed. Costs of this appeal are to be paid by the appellants.
AFFIRMED.

. All proceedings refer to Harold R. Roudreds, evidently this is a typographical error present in the police report and was transferred to later records. Defendant’s name is Harold R. Bourgeois.