TERRI F. LOVE, Judge.
hThe plaintiff, Roy Raspanti, appeals the judgment of the trial court that grant *1264 ed the Exceptions of No Right of Action and No Cause of Action and the Motion to Rescind Order, Or, Alternatively, to Annul Order filed by the defendant, Berrigan, Litchfield, Schoenakas, Mann, Trainor, and Thompson, L.L.C. The judgment struck plaintiffs Second Supplemental and Amending Petition from the record and annulled the order which granted him leave to file the petition.
Based on our review of the record, we find that the plaintiff has a right of action and that the Second Supplemental and Amending Petition states a cause of action. We also conclude that the defendant failed to cite any grounds to rescind or annul the Order that granted plaintiff leave to file the amending petition and that the trial court abused its discretion in disallowing the amendment. Accordingly, the judgment of the trial court is reversed and the matter is remanded to the trial court for proceedings consistent with this opinion.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The underlying action arises out of an attorney fee dispute between attorneys— the plaintiff, Roy Raspanti, and the defendant, Berrigan, Schonekas, 12Mann, Traína and Thompson, L.L.C. (Berrigan Litch-field). Mr. Raspanti contends that E. John Litchfield of Berrigan Litchfield referred him a case in which he obtained a successful recovery on behalf of the clients, Mr. & Mrs. Byrd. However, the Byrds former attorney filed suit against Mr. Ras-panti seeking attorney’s fees based on quantum meruit, tortious interference with a contract and unjust enrichment. Thereafter, Mr. Raspanti filed a complaint against Berrigan Litchfield and Mr. Litch-field, individually. He alleged that they breached a verbal agreement to reimburse him one-half the costs and the fees he incurred in defending himself against the Byrd lawsuit and that they had failed to return the $292,303.15 advance he gave to the firm in consideration for these obligations and E. John Litchfield’s limited assistance in representing the Byrds.
In 2005, the trial court (Judge Ramsey) dismissed Mr. Raspanti’s individual claims against E. John Litchfield. It also dismissed Mr. Raspanti’s claims against Ber-rigan Litchfield with prejudice because he did not comply with an order to respond to Berrigan Litchfield’s discovery demands. The trial court also decided that Mr. Ras-panti’s motion for summary judgment was moot in light of the dismissal with prejudice.
Upon appeal, this Court found that the trial court properly dismissed the cause of action against E. John Litchfield in his individual capacity. However, we also held that the trial court abused its discretion in dismissing Mr. Raspanti’s case with prejudice and ordered that the trial court consider his motion for summary judgment.[1]
On January 15, 2010, Mr. Raspanti filed the Second Supplemental and Amending Petition which is at issue in the present appeal. It named as |sadditional defendants, Berrigan, Danielson, Litchfield, Olsen, Schonekas, and Mann, a partnership including professional law corporations (the “partnership”), and Joe E. Berrigan, Jr., Allen H. Danielson, Jr., Frederick F. Olsen, Jr., E. John Litchfield, and Arthur S. Mann, who were at all times pertinent, partners in the partnership. Judge James Williams signed the Order granting him leave to file the Second Supplemental and Amending Petition on January 20, 2010.[2]
*1265 In response to the Second Supplemental and Amending Petition, the defendant filed Exceptions of No Right of Action and No Cause of Action and later, filed a Motion To Rescind Order, Or, Alternatively, to Annul Order, and for Attorney’s Fees.Judge Paulette Irons granted the defendant’s Exceptions of No Right of Action and No Cause of Action and struck the plaintiffs Second Supplemental and Amending Petition.[3] The trial court also annulled the Order from Judge Williams that had granted plaintiff leave to file the supplemental and amending petition.
This appeal followed.
EXCEPTIONS OF NO RIGHT OF ACTION AND NO CAUSE OF ACTION
The plaintiff, Mr. Raspanti, argues in his first assignment of error that the trial court erred in granting the defendant’s Exceptions of No Right of Action and No Cause of Action. Both the exception of no cause of action and the exception of no right of action present questions of law subject to de novo review. Waggoner v. America First Ins., 42,863, p. 3 (La.App. 2 Cir. 1/16/08), 975 So.2d 110, 112-13.
|4The function of the exception of no cause of action is to question whether the law extends a remedy to anyone under the allegations of the petition. Industrial Companies v. Durbin, 02-0665, pp. 6-7 (La.1/28/03), 837 So.2d 1207, 1213. The court reviews the petition and accepts well-pleaded allegations of facts as true, in the absence of evidence to the contrary. City of New Orleans v. Bd. of Dirs. of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. The issue at the hearing on the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
Conversely, the exception of no right of action ' determines whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. It asks whether the particular plaintiff has a real and actual interest in the subject matter of the litigation. , Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm’n, 94-2015, p. 5 (La.11/30/94), 646 So.2d 885, 888, citing Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
In the instant case, the defendant made no argument that the plaintiff does not have a right of action or that the amending complaint failed to state a cause of action. The trial court also did not find that the plaintiff lacked a cause of action or right of action. The trial court granted these exceptions based on its assessment that the amending petition was prohibited by a February 3, 2005 Case Management Order that stated that all supplemental and amended petitions had been filed. However, as referenced herein, compliance with a case management order is, not among the matters that require review in deciding whether a plaintiff has a cause of action or a right of action.
| ¿Plaintiffs Second Supplemental and Amending Petition seeks relief against the added defendants in their capacity as a partnership and as individual partners within the partnership. Our examination of the petition supports that the plaintiff has a legal right to sue for the damages claimed and the facts of the petition, if taken as true, allow him to recover if he can prove his allegations. Therefore, the *1266 trial court erred in granting the defendant’s exceptions of no cause of action and no right of action.
MOTION TO RESCIND ORDER, OR, ALTERNATIVELY, TO ANNUL ORDER
Mr. Raspanti’s second assignment of error alleges that the trial court erred in granting the defendant’s Motion to Rescind Order, Or, Alternatively, Annul Order. He contends that he filed the amended petition to get the proper defendants before the court — the partners and the partnership — so that he could proceed with his motion for summary judgment and to obtain another trial date. The defendant counters that the trial court properly struck the amending petition because it did not receive notice of the filing and was not afforded a contradictory hearing before Judge Williams signed the Order granting the plaintiff leave to file. The defendant also alleges that amended petition was filed for the plaintiff to re-obtain a jury trial and to harass Berrigan Litch-field’s former and retired partners.
The parties acknowledge that La. C.C.P. art. 1151 provides in part that a plaintiff may amend his petition after an answer has been filed only by leave of court or by written consent of the adverse party. In this matter, the plaintiff filed the amended complaint on January 10, 2011, and Judge Williams signed the Order granting leave on January 15, 2011. Based on these facts, La. C.C.P. art. 1151 Rimposed no duty on the plaintiff that required him to give notice to the defendant prior to filing the amended complaint or that mandated a contradictory hearing.
La. C.C.P. art. 2004(A) allows a final judgment obtained by fraud or ill practices to be annulled. Contrary to the defendant’s assertions, our review of the record reveals nothing “unlawful,” “surreptitious,” or any other bad act surrounding the manner in which the plaintiff obtained leave of court that would entitle the defendant to have the order granting leave annulled or rescinded. The plaintiff properly received leave of court' in accordance with La. C.C.P. art. 1151.
Although the current trial judge disallowed the amended petition that had been allowed by the previous trial judge, the decision to disallow amendment of a petition is within the discretion of the trial judge and that decision should not be disturbed on appeal unless there has been abuse of the broad discretion vested in the trial court. Glover v. Shiflett Transp. Servs., Inc., 97-2787 (La.App. 4 Cir. 5/6/98), 718 So.2d 436. Generally, the amendment of pleadings should be liberally allowed, providing the movant is acting in good faith; the amendment is not sought as a delaying tactic; the opponent will not be unduly prejudicial and trial of the issues will not be unduly delayed. Giron v. Hous. Auth. of City of Opelousas, 393 So.2d 1267 (La.1981).
The trial court judge struck plaintiffs amended petition from the record and annulled the previous order from Judge Williams allowing the amendment for the same reason upon which she granted the defendant’s exceptions of no right of action and no cause of action. She reiterated that the amended petition was filed subsequent to the February 3, 2005 Case Management Order that had represented that all supplemental and amended petitions had been filed. However, the trial court judge did not find that Mr. Raspanti acted in bad faith; that the amendment |7served as a delaying tactic; that the amendment would unduly prejudice the defendant; or that trial would be unduly delayed by the amendment when it granted the defendant’s request to rescind or annul the previous trial court order that had allowed the amendment.
*1267 The trial court based its judgment on a 2005 Case Management Order that is essentially inoperative. Given that Louisiana law favors the allowance of amended pleadings, the fact that the amended pleading was allowed by the previous trial court judge, and because the present trial court judge made no finding that the amended pleading was filed for an improper reason, we hold that the trial court abused its discretion in granting the defendant’s Motion to Rescind Order, Or, Alternatively, to Annul Order.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED

. Raspanti v. Litchfield, 05-1512, 06-0331 (La.App. 4 Cir. 11/21/06), 946 So.2d 234.

. Judge Williams was appointed ad hoc in Division J of Civil District Court, Parish of *1265 Orleans due to the retirement of Judge Ramsey.

. Judge Irons replaced Judge Williams as the trial court judge. .