THERIOT, J.
|?Bank of New York Mellon, successor-in-interest of JP Morgan Chase Bank as Trustee for the Registered Holder of No-vastar Mortgage Funding Trust Series 2003-3 Novastar Home Equity Loan As-, set-backed Certificates Series 2003-3 and Ocwen Loan Servicing, LLC (collectively, Defendants) appeal the trial court’s judgment; allowing the plaintiffs, Jerry and Elnora Harris (Harrises), to file a pleading entitled “Second Amended Petition” without a contradictory hearing; imposing sanctions against Defendants; and challenging the judgment for not having a Rule 9.5 Certificate. Finding that it is impossible to determine whether the pleading entitled “Second Amended Petition” constitutes an amended petition or a supplemental petition, and that only the procedural requirements for an amended petition .were met, we remand this matter to the trial court for a contradictory hear-' ing to determine the nature of Harrises pleading.
FACTS AND PROCEDURAL HISTORY
The Harrises home located in Springfield, Louisiana, burned down on April 3, 2011. On April 3, 2012, the Harrises filed suit against the first named defendant, Union National Fire Insurance Company, seeking payment of the policy limits, penalties, and attorney fees. The Petition specifically provided:
WHEREFORE, plaintiffs pray that after due proceedings had, there be judgment in their favor and against the defendant in the full sum of Forty Thousand and No/100 Dollars, ($40,-000.000), being the face amount of the policy, together with statutory penalties and attorneys fees, which will n,ot exceed the amount of $75,000.00 total, for the willful and capricious failure to pay the policy amount after being furnished all documents requested of the plaintiffs in this matter, all together with legal interest from the date of judicial demand and all costs of these proceed-, ings.
[.■/The Harrises’ Amended Petition was filed on April 9,2012, and added the Defendants as parties to the suit. The Amended' Petition further alleged that Defendants engaged in predatory lending and fraudulent practices for requiring inadequate amounts of insurance and for foreclosing on the property despite their having the amount of insurance the realtors required. The Harrises claimed special damages and general damages for mental anguish and damage to their credit together with attorney fees. Pertinent to this appeal, the Amended Petition added the following paragraph, numbered “7”:
The total amount of damages sought by plaintiffs against all defendants will not exceed the amount of $75,000.00, including attorneys fees and interest.
Defendants subsequently filed exceptions and answered the Petition and Amended Petition on June 5, 2012.
On November 15, 2013, the Harrises filed their Second Amended Petition. The Second Amended Petition included the lan *1010 guage, “adding Paragraph 7-A to read as follows”:
The total amount of damages sought by Plaintiffs against all Defendants will exceed the amount of $75,000.00 including attorneys fees, interest and penalties; and Plaintiffs are entitled to judgment against all Defendants, in solido.
On November 20, 2013, the trial court signed the “Order” that appeared at the bottom of the Second Amended Petition, which provided:
Considering the foregoing Second Amended Petition, IT IS ORDERED that the Plaintiffs are hereby allowed to amend their original petition and Amended Petition as stated above.
On December 6, 2013, Defendants submitted an “Ex Parte Motion to Strike Second Amended Petition or, in the Alternative, to set Second Amended Petition for Hearing” together with a memorandum, seeking to have the Second Amended Petition stricken from the record or, alternatively, 14set for hearing. On December 11, 2013, the trial court signed an Order granting Defendants’ Motion to Strike the Second Amended Petition from the record.
On December 19, 2013, the Harrises filed a “Motion to Vacate Ex-Parte Order,” requesting that the trial court vacate the December 11, 2013 Order striking the Second Amended Petition and reinstate the Second Amended Petition. The matter was heard on February 18, 2014. On May 8, 2014, the trial court signed a judgment vacating the Order dismissing the Harris-es’ Second Amended Petition. The May 8, 2014 judgment also imposed sanctions on Defendants for frivolously filing the motion to strike the Second Amended Petition, and awarded the Harrises attorney fees and costs.
Defendants applied to this Court for supervisory writs, 2014-CW0723, raising three assignments of error. Defendants (1) challenged the trial court’s December 2013 Order, which allowed the revised petition to be filed without a contradictory hearing or memorandum in support of the motion to amend; (2) challenged the imposition of sanctions against them, contending that their actions were “well-grounded in law”; and (3) objected that the judgment imposing sanctions against them did not include a Rule 9.5 Certificate indicating their objections to the terms of the judgment. On July 28, 2014, after finding that the May 8, 2014 judgment was an appealable judgment pursuant to La. C.C.P. art. 1915(A)(6), this Court granted the writ for the limited purpose of remanding the matter to the trial court with instructions to grant an appeal. Now on appeal, Defendants raise the same assignments of error.
[^Assignment of Error No. 1
In them first Assignment of Error, Defendants contend that the trial court erred by permitting the Harrises to file the Second Amended Petition. Defendants assert that under La. C.C.P. arts. 1151 and 1155 and Uniform Rules for the Louisiana District Courts 9.8 and 9.9, the Harrises should not have been permitted to file the Second Amended Petition seeking to add new damage claims in excess of $75,000 over fifteen months after Defendants had filed their answers without setting the matter for contradictory hearing based upon a properly submitted motion.
The Harrises maintain that the Second Amended Petition merely removed an ambiguity in the prior version of the petition “that the original ‘paragraph 7’ created since other paragraphs of the petition show a higher amount than what is stated in ‘paragraph 7’.” It is unclear what is ambiguous in the statement that the “total amount of damages sought by plaintiffs against all defendants will not exceed the *1011 amount of $75,000.00, including attorneys fees and interest.”
The significance of the procedural propriety of permitting the Second Amended Petition may have severe consequences for Defendants beyond the obvious increase in damages sought. These consequences arise from the interplay between two federal statutes, 28 U.S.C. § 1332 and 28 U.S.C. § 1446. 28 U.S.C. § 1332, entitled “Diversity of citizenship; amount in controversy; costs,” provides Federal District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. . 28 U.S.C. § 1446, entitled “Procedure for removal of civil actions,” sets forth the procedure for removing cases from state court to federal court. -Although all parties were diverse under 28 RU.S.C. § 1332 when the Harris-es initially filed suit in April of 2012 and after the Amended Petition was filed in April 2012, the case was not removable because the Harrises had specifically pled in both the Petition and the Amended Petition that them damages would not exceed the amount of $75,000.00 total; therefore, the jurisdictional amount requirement was not satisfied.
In November of 2012, more than one year after the original suit was filed and after the Defendants filed an answer, the Harrises filed the Second Amended Petition, which amended one provision of the previous petitions: it explicitly stated that the total amount of damages sought was being increased to more than $75,000.00. Thus, after the suit had been pending in state court for approximately one and one-half years, the requirements of 28 U.S.C. § 1332 were satisfied. Pursuant to 28 U.S.C. § 1446(b)(3), when the case stated by the initial proceeding is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of an amended pleading from which it may be ascertained that the case has become removable; however, 28 U.S.C. § 1446(c)(1) provides that no case that has been pending more than one year in state court can be removed on the basis of diversity jurisdiction, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(3)(B) provides that if the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).
Thus, the significance of the series of trial court rulings that ultimately resulted in permitting the Harrises to file the Second Amended Petition ^derives from the underlying procedural posture of the case: due to the late hour at which the Harrises filed the Second Amended Petition, Defendants are now barred from removing the case to federal court by the one-year limitation of 28 U.S.C. § 1446(c)(3)(B), unless Defendants can demonstrate that the Harrises deliberately failed to disclose the actual amount in controversy to prevent removal. The Harris-es argue that Defendants could have filed a notice of removal within the year after the Second Amended Petition was filed, but chose to vacate the order as a delay tactic. ■
Having provided this framework for this Assignment of Error, we turn to whether the trial court properly permitted the filing of the Second Amended Petition.
The Louisiana Civil Law Treatise, Civil Procedure § 6:10 (2d ed.), provides:
Courts and counsel frequently treat the terms supplemental pleading and amended pleading as synonymous. *1012 However, they are separate concepts. 'An amended pleading either restates the allegations of a claim or defense which were imperfectly stated, or adds a new claim or defense which existed, but was not pleaded, when the original pleading was filed. A supplemental pleading sets forth a new claim or defense, or an item of damages, which arose after the filing of the original pleading.
The distinction is important, because the rules governing amended pleadings are much more liberal. Amendment sometimes may be effected without leave of court, and pre-amendment notice to the opposing party may not be required. A supplemental pleading is permissible only if there is sufficient connexity with the claim or defense initially asserted, and only after a contradictory hearing against the opposing party.
1 La. Civ. L. Treatise, Civil Procedure § 6:10 (2d ed.) (internal citations omitted).
After an answer has been filed, the authorization of the filing of a supplemental and/or amending petition is within the discretion of the trial judge. La. C.C.P. arts. 1151 and 1155; Nicolosi v. Livingston Parish Sch. Bd., 441 So.2d 1261, 1267 (La.App. 1st Cir.1983) writ denied, 444 So.2d 1243 (La.1984), Thus, a trial judge’s ruling granting an amendment to the pleadings will not be disturbed,on appeal unless an abuse of discretion has occurred that indicates a possibility of resulting injustice. Rainey v. Entergy Gulf States, Inc., 2001-2414 (La.App. 1st Cir.11/8/02), 840 So.2d 586, 589, on reh’g, 2001-2414 (La.App. 1st Cir.6/25/04), 885 So.2d 1193. Amendments should be permitted if (1) the movant is acting in good faith; (2) the amendment is not being used as a delaying tactic; (3) the opponent will not be unduly prejudiced; and (4) the trial will not be unduly delayed. Rainey, 840 So.2d at 589-590. Good faith is a reasonable belief that the facts alleged in- the proposed amendment are true. Rainey, 840 So.2d at 590.
Whether the Harrises’ pleading entitled' “Second Amended Petition” met the requirements of the Code of Civil Procedure hinges on whether the revision made in the pleading constitutes an “amendment” or “supplement.” A supplemental pleading differs from an amended pleading in that an amended pleading involves matters that occurred béfore the original complaint was filed, which were, either overlooked by the pleader or were unknown to him at the time, while a supplemental pleading covers issues or causes of action that have arisen since the filing of the original petition, which relate to the issues or actions contained in the original petition. Gilchrist Const. Co., LLC v. State, Dep’t of Transp. & Dev., 2013-2101 (La. App. 1st Cir.3/9/15) (unpublished); Gaines v. Bruscato, 30,340 (La.App.2d Cir.4/8/98), 712 So.2d 552, 557-558, writ denied, 98-1272 (La.6/26/98), 719 So.2d 1059; Adema v. Elliott, 223 So.2d 464, 467 (La.App. 4th Cir.1969). Under La. C.C.P. art. 1151, a petition may be amended after an answer has been filed “by leave of court,” and on November 20, 2013, the trial court signed the' bottom portion of the Second Amended Petition entitled “Order,” which stated that plaintiffs were “allowed to amend” their |3petition; thus, it appears that La. C.C.P. art. 1151 was satisfied. Further, the jurisprudence cited by the Harrises supports that the trial court’s signature on the Second Amended Petition in this context was sufficient to constitute leave of court.[1] However, under La. *1013 C.C.P. art. 1155, a pleading may be supplemented “on motion of a party, upon reasonable notice and upon such terms as are just.” Thus, if the Second Amended Petition constituted a supplement to the Amended Petition, then the procedural requirements were not met, as no’ motion was filed as required by La. C.C.P. 'art. 1155, and the requirements for contradictory motions set forth in Rule 9.8 and 9.9 were not met.
However, we find that the record before us is insufficient to permit us to determine whether the Second Amended Petition constituted an amendment or a supplement. The standards . distinguishing between an amendment and a supplement require an examination of the nature and cause of a revision to a pleading, but the Harrises offered no reason or context for the sudden increase in damages sought; thus, we see no way to assess whether the revision involves “matters that occurred before the original complaint was filed” which were overlooked and unknown at the time, and l10should be considered an amendment, or whether the revision involves “issues or causes of action that have arisen since the filing- of the original petition”, which relate to those- issues or actions contained in the original petition, and should be considered a supplement. The necessity of evaluating this matter within a factual context is further highlighted by the following two authorities. While La. C.C.P. art. 1155 specifically states that “a supplemental petition ... setting forth items of damage ... which have become exigible since the date of filing the original petition or answer,” making it clear that a revision to “items of damage” may constitute a supplement to a pleading, it is also possible for a revision to items of damage to constitute an amendment. In Beard v. Circle K, Inc., 554 So.2d 825 (La.App. 1st Cir.1989), this Court considered whether the trial court abused its discretion in refusing to allow a plaintiff to amend his pétition to increase his damages sought shortly after he underwent a medical evaluation, which resulted in plaintiff allegedly learning for the first timé that his injuries were more serious than originally diagnosed. 554 So.2d at 826.
Thus, it is impossible, for this Court to determine whether the revision contained in the Second Amended Petition should be considered an amendment, in which case the Harrises met the procedural requirements for filing, or whether the revision should be considered a supplement, in which case the Harrises did not meet the-procedural requirements for filing. We remand this matter to the trial court for a contradictory hearing to determine wheth *1014 er the circumstances surrounding the Har-rises’ filing of the Second Amended Petition invoke the application of La. C.C.P. art. 1151 or La. C.C.P. art. 1155.
| ^Assignments of Error Nos. 2 & 3
In their Second Assignment of Error, Defendants argue that the trial court erred in sanctioning them pursuant to La. C.C.P. art. 863 for filing their Motion to Strike Amended Petition because it was well founded upon the existing record and applicable law. In their Third Assignment of Error, Defendants argue the trial court erred by signing a judgment that was not accompanied by a Rule 9.5 certificate or other disclosure indicating that Defendants had provided objections to the proposed judgment as eventually filed by the Har-rises and signed by the trial court.
In light of our decision to remand Defendants First Assignment of Error, we pretermit consideration of Defendants Second and Third Assignments of Error, which we find to be inextricably intertwined with a proper resolution of the remanded issue.
CONCLUSION
The matter is remanded to the trial court for a contradictory hearing to determine whether the circumstances surrounding the Harrises’ filing of the Second Amended Petition invoke the application of La. C.C.P. art. 1151 or La. C.C.P. art. 1155.
REMANDED.
GUIDRY, J., concurs in the result.

. Plaintiffs relied on McGee v. Leonard B. Hebert, Jr. & Co., 506 So.2d 603 (La.App. 4th Cir.1987), in which the Fourth Circuit found that leave of court had been granted even in *1013 the absence of a signed order documenting the grant of leave. In McGee, the trial court had stated that he had been unable to sign the ■amended petition because it lacked a place for his signature, and that if there had been a place for his signature he would have signed the amended petition. The McGee Court found that it was "safe to assume that McGee at least obtained leave of court to file his supplemental and amended petition even if that pleading was not signed by the judge as required by C.C.P. Art. 1151." 506 So.2d at 605.
Plaintiffs also relied on Raspanti v. Litchfield, 2011-0993 (La.App. 4th Cir.4/11/12), 89 So.3d 1262, in which the current trial court judge struck an- amended petition that had been allowed by the previous trial court judge. The plaintiff had amended the petition to bring the proper defendants before the court. The defendant maintained that the amended petition had been properly struck because it did not receive notice of the filing and was not afforded a contradictory hearing before the order granting leave to file was signed. The Raspanti Court found that La. C.C.P. art. 1151 imposed no duty on the plaintiff that required him to give notice to the defendant prior to filing the amended complaint or that mandated a contradictory hearing. 89 So.3d at 1266.