| | | |
|---|---|---|
| **DWAYNE ALEXANDER** | * | **NO. 2024-CA-0122** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **THE LOUISIANA STATE** | * | |
| **BOARD OF PRIVATE** | | **FOURTH CIRCUIT** |
| **INVESTIGATOR EXAMINERS,** | * | |
| **ET AL.** | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-02072, DIVISION "I"
Honorable Donald M. Fendlason, Judge Ad Hoc
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Daniel L. Dysart,
Judge Dale N. Atkins)

Dwayne Alexander
P.O. Box 791407
New Orleans, LA 70179

      COUNSEL FOR PLAINTIFF/APPELLANT


David S. Daly
Elliot M. Lonker
FRILOT, LLC
1100 Poydras Street
Suite 3700
New Orleans, LA 70163

      COUNSEL FOR DEFENDANT/APPELLEE, Dennis J. Phayer


Jeff Landry
ATTORNEY GENERAL
Deborah A. Villio
Michael Louis Fantaci
James C. Raff
LEBLANC FANTACI VILLIO, LLC
3421 N. Causeway Blvd., Suite 201
Metairie, LA 70002

      CONSEL FOR DEFENDANT/APPELLEE, Annette Kovac

Jay P. Adams
Sara G. White
HUDSON, POTTS & BERNSTEIN
1800 Hudson Lane
Suite 300
Monroe, LA 71201

COUNSEL FOR DEFENDANT/APPELLEE, Attorney General Liz Murrill


Elizabeth Baker Murrill
ATTORNEY GENERAL
Phyllis E. Glazer
ASSISTANT ATTORNEY GENERAL
Louisiana Department of Justice
Litigation Division
1885 North Third Street, 3rd Floor
Baton Rouge, LA 70802


COUNSEL FOR DEFENDANT/APPELLEE, Louisiana State Board of
Private Investigator Examiners, Lance Wallace, James P. Englade, and
Delbert Hahn


**AFFIRMED**
**MAY 21, 2025**

*DLD*
*RLB*
*DNA*

The plaintiff/appellant, Dwayne Alexander, is a former private investigator licensed by the Louisiana State Board of Private Investigator Examiners ("LSBPIE"). Mr. Alexander has filed numerous lawsuits that arise from his allegation that he was initially defamed in February 2009, when LSBPIE issued him a cease and desist order pursuant to La. R.S. 37:3500 *et seq.*, for acting as a private investigator without being licensed by LSBPIE.[1]

On March 2, 2018, Mr. Alexander filed the instant lawsuit against numerous defendants alleging defamation based on the aforementioned 2009 cease and desist order. During the course of this litigation, Mr. Alexander has filed eight supplemental and amending petitions. Mr. Alexander also filed a motion to disqualify the Attorney General's Office from representing some of the state defendants. Several of the defendants filed various exceptions.

---

[1] For a more complete history of the litigation connected with this matter, one may wish to consult *Alexander v. La. State Bd. of Private Investigator Examiners*, 15-0537, 15-0708 (La. App. 4 Cir. 2/17/17), 211 So.3d 544; *Alexander v. Blue Williams, LLP*, 18-0776 (La. App. 4 Cir. 1/23/19), 363 So.3d 272; and *Alexander v. La. State Bd. of Private Investigator Examiners*, 19-0778 (La. App. 4 Cir. 4/1/20), 293 So.3d 1243.

The motion to disqualify, other motions and the exceptions were heard by the trial court on December 8, 2023. The trial court rendered a judgment on that same day of the rulings.

The trial court granted a peremptory exception of *res judicata* in favor of the defendants, Nancy J. Marshall and Deutsch Kerrigan and dismissed their peremptory exception of no cause of action and declinatory exception of *lis pendens* as moot. The trial court granted motions to strike or dismiss plaintiff's "Seventh Supplemental and Amending Petition" and to vacate service filed by defendants, LSBPIE, Wayne Centanni, Dennis Phayer and Annette Kovac, thereby dismissing them and defendants, James "Pat" Englade, Del Hahn and Lance Wallace, with prejudice. The trial court granted defendant Wayne Centanni's exceptions of prescription and *res judicata*; motion to strike or dismiss plaintiff's "[Sixth] Supplemental and Amending Petition;" and dismissed Mr. Centanni with prejudice. The trial court granted the LSBPIE defendants' motion to strike plaintiff's eighth supplemental and amending petition.

The trial court also granted in part and denied in part the LSBPIE defendants' motion for sanctions against Mr. Alexander; the court denied the request for a monetary amount, but granted non-monetary sanctions as follows: Mr. Alexander was prohibited from filing any suit, pleadings, motions, or other documents against any of the named defendants, namely Judge Ethel Julien, Judge Robert Burns, Nancy J. Marshall, Deutsch Kerrigan, Office of Risk Management, Melissa Harris, LSBPIE, James "Pat" Englade, Del Hahn, Lance Wallace, Wayne

2

Centanni, Centanni Invetigative Agency, Phyllis Glazer, Annette Kovac, Dennis Phayer, Louisiana Attorney General's Office, Attorney General Jeff Landry, Sonia Mallet, and Millard Mule, without first obtaining leave of court in writing from the judge to which such suit may be allotted.  Mr. Alexander was further required, under penalty of contempt or further sanctions, to send a copy – to all counsel of record by email – of every pleading, motion, or other document filed by him within twenty-four hours of its filing.

The trial court also granted the multiple motions to adopt and join in the motions and exceptions against Mr. Alexander filed by the various co-defendants. The trial court further granted Centanni Investigative Agency's declinatory exception of insufficiency of citation and insufficiency of service of process and dismissed Centanni Investigative Agency without prejudice.  Finally, the trial court denied Mr. Alexander's motion to disqualify the Attorney General's Office, Attorney General Jeff Landry, Phyllis Glazer and Dennis Phayer.

Mr. Alexander now appeals the trial court's December 8, 2023 judgment. On appeal, Mr. Alexander raises the following assignments of error: (1) whether the trial court ad hoc judge abused his discretion by failing to grant plaintiff's motion for disqualification of the Attorney General's Office, and dismissing plaintiff's sixth, seventh, and eighth amended petitions on an exception hearing; (2) "[w]hether the trial judge committed legal error by not allowing plaintiff to object to defendant's (*sic*) argument that the appellate court should correct, *de novo*, by ordering a remain (*sic*) to the trial court for further proceedings"; and (3)

3

whether the trial court ad hoc judge abused his discretion by dismissing plaintiff's petition and amended petitions due to prescription. Ms. Kovac has answered the appeal and seeks attorney's fees, damages and costs. The LSBPIE has also filed a motion for sanctions against Mr. Alexander.

With respect to his first assignment of error, Mr. Alexander has waived any appeal arising from the denial of his motion to disqualify the Attorney General's Office. In his appellate brief, Mr. Alexander raises the issue of whether the trial judge abused his discretion by failing to grant Mr. Alexander's motion to disqualify the Attorney General's Office. However, Mr. Alexander does not address that issue in his brief, nor does he cite any authority for his contention that the Attorney General's Office should have been disqualified from defending the LSBPIE in connection with this litigation. Rule 2-12.4(B)(4) of the Uniform Rules of the Courts of Appeal provides: "All assignments of error and issues for review shall be briefed. The court may deem as abandoned any assignment of error or issue for review which has not been briefed." "Restating an assigned error in brief without argument or citation . . . does not constitute briefing." *Cormier v. Louisiana Farm Bureau Cas. Ins. Co.*, 12-0892, p. 9 (La. App. 3 Cir. 2/6/13), 109 So.3d 509, 515 (quoting *State v. Caffrey*, 08-0717, p. 7 (La. App. 5 Cir. 5/12/09), 15 So.3d 198, 203). Accordingly, Mr. Alexander has waived this issue.

Regarding Mr. Alexander's sixth, seventh, and eighth supplemental and amended petitions, they were all filed *ex parte*, without notice to the defendants, without the defendants' consent, and without leave of court. An amended petition

4

"involves matters that occurred before the original complaint was filed." *Harris v. Union Nat. Fire Ins. Co.*, 14-1603, p. 8 (La. App. 1 Cir. 6/18/15), 175 So.3d 1008, 1012. A petition may be amended without leave any time before an answer is filed. La. C.C.P. art. 1151. A supplemental petition, by contrast, is governed by La. C.C.P. art. 1155. Under La. C.C.P. art. 1155, a supplemental petition can only be filed by leave of court, "on [the] motion of a party, upon reasonable notice and upon such terms as are just."[2] Amended petitions filed without leave of court, without notice, and without just terms, "[are] totally without effect and . . . deemed not to have been filed at all." *Gaspard v. Safeway Ins. Co*, 15-1197, pp. 4-5 (La. App. 1 Cir. 8/31/16), 202 So.3d 1128, 1131 (citing *Campbell v. Wright Adams, Realty Co.*, 220 So.2d 755, 757 (La. App. 1 Cir. 1969)).

Mr. Alexander's sixth, seventh, and eighth supplemental and amended petitions were not amended pleadings, they were supplemental petitions governed by La. C.C.P. art. 1155. Supplemental petitions present issues arising after the original complaint. Mr. Alexander's sixth, seventh, and eighth supplemental and amended petitions were entitled "supplemental petition" by him and each of these presented claims that arose after the original petition. Additionally, Mr. Alexander does not explain in his brief why the trial court erred by striking his sixth, seventh, and eighth supplemental and amended petitions. Accordingly, we find no error or abuse of discretion in the trial court's striking or dismissing Mr. Alexander's sixth, seventh, or eighth supplemental and amended petitions.

---

[2] As of August 1, 2023, La. C.C.P. art. 1155 has been amended. For purposes of this appeal, we will reference the version of La. C.C.P. art. 1155 that was in effect prior to the amendment.

In his second assignment of error, Mr. Alexander claims "the trial judge committed legal error by not allowing plaintiff to object to defendant's (*sic*) arguments that the appellate court should correct, *de novo*, by ordering a remain (*sic*) to the trial court for further proceedings." This assignment of error is not at all clear as to what exactly Mr. Alexander's complaint is and what relief he seeks. Also, Mr. Alexander does not address this assignment of error in his brief. Accordingly, this assignment of error is without merit.

Mr. Alexander's final assignment of error concerns the dismissal of his lawsuit based on prescription. An appellate court reviews a trial court's ruling on a motion to dismiss under an abuse of discretion and manifest error standard of review. *Liberty Bank and Trust Co. v. Dapremont*, 07-0518, p. 3 (La. App. 4 Cir. 4/16/08), 984 So.2d 152, 154 (citations omitted). It is well established that defamation claims sound in tort and are subject to a prescriptive period of one year from the date of publication. *See Alexander v. The Times-Picayune, LLC*, 16-1134, p. 5 (La. App. 4 Cir. 5/31/17), 221 So.3d 198, 203 (citations omitted).

Mr. Alexander alleges that less than one year prior to the filing of this lawsuit, Mr. Wallace provided him with copies of alleged fabricated board minutes dated February 2009. Mr. Wallace provided these documents to Mr. Alexander in response to a subpoena that Mr. Alexander had issued requesting these very documents. "To be actionable, the words must be communicated or 'published' to someone other than the plaintiff." *Costello v. Hardy*, 03-1146, p. 13 (La. 1/21/04), 864 So.2d 129, 140 (citations omitted). Mr. Wallace did not communicate or

6

"publish" these materials to anyone other than Mr. Alexander. Therefore, Mr. Wallace did not defame Mr. Alexander. As such, there was no act of defamation committed one year or less prior to the filing of this lawsuit by Mr. Alexander. Accordingly, we find no error in the trial court's dismissal of Mr. Alexander's lawsuit based on prescription.

We now turn to the issue of whether damages should be assessed against Mr. Alexander. La. C.C.P. art. 2164 states:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

"Damages for frivolous appeal are properly awarded only when the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes." *Bottle Poetry, LLC v. Doyle Rest. Grp. Franchise Co., LLC*, 13-0406, p. 9 (La. App. 4 Cir. 1/15/14), 133 So.3d 60, 67 (citations omitted).

Mr. Alexander has a long and protracted litigious history concerning his alleged defamation, with which this Court is well acquainted. Mr. Alexander is aware that all tort claims regarding the issuance of the 2009 cease and desist order are prescribed based on this Court's opinion in *Alexander v. La. State Board of Private Investigator Examiners*, 15-0537, 15-0708, p. 48 (La. App. 4 Cir. 2/17/17), 211 So.3d 544, 574. However, Mr. Alexander has continued to file analogous claims involving similar issues. This Court discussed Mr. Alexander's litigious history and awarded each defendant $2,000 for attorney's fees and $1,000 for

damages on appeal.  *See Alexander v. Louisiana State Board of Private*

*Investigator Examiners*, 19-0778, p. 25 (La. App. 4 Cir. 4/1/20), 293 So.3d 1243,

1260.  Considering Mr. Alexander's continued propensity to litigate, a similar

award of attorney's fees and cost would be appropriate in this case.  Accordingly,

Mr. Alexander shall pay $2,000 for attorney's fees and their costs of appeal to each

appellee in this matter.

    For the above and foregoing reasons, the trial court's judgment is affirmed.

The aforementioned damages are assessed against Mr. Alexander and all appellees

are awarded $2,000 in attorney's fees in addition to their costs associated with this

appeal.


**AFFIRMED**