McDonald, j.
 

 12At issue in this matter is whether a district court division with subject matter jurisdiction limited to family or juvenile matters as provided by law has subject matter jurisdiction over a property partition involving co-owners who had children together, but were never married.
 

 FACTS
 

 Morryne A. Bovia (“plaintiff’) and Shawn Michael Ledig (“defendant”) were never married, but were involved in an intimate relationship for several years, resulting in the birth of two children. On August 25, 2008, plaintiff filed a “Petition for Custody and Support of Minor Children and for Exclusive Use and Occupancy of the Former Domicile,” which was assigned to Division “H” of the Twenty-Second Judicial District Court (“22nd JDC”). In response, defendant filed an “Answer to Petition for Custody and Re-conventional Demand and Petition to Partition Co-Owned Property.”
 

 On January 1, 2009, the case was transferred from Division “H” to the newly formed Division “L” of the 22nd JDC, which was established as a result of 2008 La. Acts, No. 344, § 2, effective June 23, 2008. Act 344, § 2(A) created two new divisions of the 22nd JDC, Divisions “K” and “L,” with subject matter jurisdiction limited to family or juvenile matters as provided by law.
 

 Plaintiff later filed a “Rule for Contempt,” alleging that defendant had failed to pay the house note for the former domicile, despite an October 29, 2008 judgment wherein he agreed to pay said note. In response to the contempt motion, defendant filed an answer and alleged that Division “L” of the court had no jurisdiction over the partition of the co-owned property, because the partition did not involve community property or pertain to a divorce.
 

 A hearing on the contempt motion and subject matter jurisdiction was held on April 14, 2009, before the trial judge for Division “L” of the 22nd JDC. On|sMay 6, 2009, the trial judge signed a judgment stating that the “declinatory exception of lack of subject matter jurisdiction shall be, and hereby is, overruled and dismissed with prejudice; and this Honorable Court finds it has subject matter jurisdiction over all issues in this case.”
 

 DISCUSSION
 

 Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The Louisiana Constitution states that except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. La. Const, art. V, § 16(A). Article V, Section 15(A) of the Louisiana Constitution now authorizes the legislature, by law, to establish new judge-ships for district courts and to establish new divisions with limited or specialized jurisdiction within the territorial jurisdiction of the district court and subject matter jurisdiction over family or juvenile matters as provided by law. Moreover, Article V, § 16(A)(3) of the Louisiana Constitution provides, “The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those
 
 *289
 
 cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises
 
 as a result of divorce or annulment of marriage.”
 
 (Emphasis added).
 
 See also
 
 La. Const, art. V, § 18.
 

 Local Rule 28.0 of the 22nd JDC provides, in pertinent part:
 

 There shall be a Family Docket in the Twenty-Second Judicial District and that Docket shall be allotted to Divisions K and L. Matters heard on the Family Docket shall include:
 

 (a) Suits for annulment, divorce and separation with all related incidental matters as defined by La. C.C. art. 105, and the community property partitions
 
 associated with the dissolution of said marriages.
 
 (Emphasis added).
 

 |4In considering the language of the Louisiana Constitution and the local rules of court of the 22nd MC, we note that the laws regarding family courts’ jurisdiction are clear, and unambiguously establish that family courts only have jurisdiction over property partitions that arise from divorce, annulment, or dissolution of marriage. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. In the present matter, it is undisputed that the trial court is not dealing with a divorce, annulment, or dissolution of marriage, as neither party contends they were ever married to each other. Accordingly, the judgment of the trial court dated May 6, 2009, overruling the defendant’s exception of lack of subject matter jurisdiction, as it relates to the partition of co-owned property, is reversed. Judgment is rendered sustaining defendant’s declinatory exception of lack of subject matter jurisdiction. This matter is remanded to the 22nd JDC for proceedings in accordance with this opinion.
 

 WRIT GRANTED; JUDGMENT REVERSED, RENDERED, AND REMANDED.