HUGHES, J.
IgThis is an appeal from a judgment of the Eighteenth Judicial District Court that sustained an exception of res judicata, granted a motion for summary judgment on the same basis, and dismissed the claims of plaintiff/appellant, Leonard Cardenas III against defendant/appellee, James Moore. For the following reasons, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

On January 17, 2007 Mr. Cardenas and his ex-wife, Ms. Belinda Moore Patín Cardenas (Belinda) entered into a stipulated judgment in the Family Court for East Baton Rouge Parish (Family Court) wherein the parties were awarded joint custody of their two minor children, with Mr. Cardenas designated the domiciliary parent. Belinda was given supervised visitation every other weekend from Friday to Sunday.[1] Pursuant to the judgment, if *1140 Belinda was unable to exercise her visitation, her “family” could exercise her visitation on her behalf.
On Friday, December 28, 2007 Belinda’s father, Mr. James Moore, was visiting with his grandchildren at his home in Pointe Coupee Parish, pursuant to his daughter’s visitation rights, as set forth in the January 17, 2007 judgment. According to the visitation schedule, Mr. Moore was to return the children to Mr. Cardenas on Sunday, December 30, 2007 at 7 o’clock p.m. However, Mr. Moore refused to return the children until Tuesday, January 1, 2008.
On January 8, 2008 Mr. Cardenas filed a rule to terminate visitation, naming Belinda as defendant. The rule was based on multiple alleged | .¡violations of the January 17, 2007 judgment by both Belinda and Mr. Moore. In response, Mr. Moore and his wife filed a petition for intervention seeking joint custody of the minor children, or in the alternative, increased visitation.
A hearing was held and the court rendered an interim judgment, signed on March 10, 2008, wherein the court set visitation for Mr. Cardenas, Belinda, and the Moores. The court continued Mr. Cardenas’s motion for contempt and rule to terminate visitation rights.
On August 21, 2008 Mr. Cardenas filed a motion to render the interim judgment partially null, requesting that the visitation granted to the Moores in the interim judgment be terminated.
Thereafter, on January 19, 2011 a judgment was signed, vacating the interim judgment and dismissing with prejudice the Moore’s petition for intervention and Mr. Cardenas’s rule to terminate visitation and motion to render the interim judgment partially null.
On April 1, 2008 Mr. Cardenas filed a petition for damages in the Eighteenth Judicial District Court (District Court) alleging claims for damages as a result of Mr. Moore’s actions in refusing to return the children. Specifically, Mr. Cardenas alleged that he had suffered damages, including mental anguish and emotional distress as a result of Mr. Moore’s criminal actions during the period from December 30, 2007 to January 1, 2008. In response, Mr. Moore filed objections raising the exceptions of res judicata and no cause of action. Mr. Moore contended that a valid, final judgment had been rendered by the Family Court which precluded Mr. Cardenas from “re-litigating” the claims. Mr. Moore also filed a motion for summary _]4¡judgment, alleging that there were no genuine issues of material fact as to whether Mr. Cardenas was barred by res judicata.[2]
*1141 A hearing was held on April 20, 2011. The court rendered judgment in favor of Mr. Moore, sustaining the exception of res judicata, granting the motion for summary judgment on that basis, and dismissing Mr. Cardenas’s claims with prejudice.
Mr. Cardenas appeals, and makes the following assignments of error:
1. The trial court was clearly wrong and committed reversible error by granting the defendant’s Exception of Res Judicata and Motion for Summary Judgment.
2. The trial court was clearly wrong and committed reversible error by failing to recognize Mr. Cardenas’s cause of action in tort.[3]

LAW AND ANALYSIS

Res judicata is governed by LSA-R.S. 13:4231, which states that:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
I ,q(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment,
(Emphasis added.)
This statute explicitly applies only when there is a “valid and final judgment” between the parties. Official Comment (d) (1990) to LSA-R.S. 13:4231 explains the requirement of a “valid and final judgment,” stating, in pertinent part: “To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given.”
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. LSA-C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. A judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3.
Pursuant to Article V, § 16 of the Louisiana Constitution, district courts are courts of general jurisdiction and have original jurisdiction of all civil and criminal matters, while the Family Court is a court of limited jurisdiction, created by the legislature as authorized by Article V, § 18 of the constitution, which provides that “juvenile and family courts shall have | (-jurisdiction as provided by law.” In
*1142 LSA-R.S. 13:1401,[4] the legislature specified the limitations of the jurisdiction of the Family Court, as follows:
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.
(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
(b) All actions for the termination or modification of a matrimonial regime.
(c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.
(d)All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection,
(3)All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law.
In his District Court petition, Mr. Cardenas seeks compensation for the damages he sustained as a result of Mr. Moore’s alleged intentional 17tortious acts. Mr. Cardenas argues that res judicata is inapplicable in this case, asserting that the Family Court does not have subject matter jurisdiction over his civil action. Mr. Moore, however, contends that because Mr. Cardenas’s claim for damages arose out of the same transaction or occurrence (i.e. Mr. Moore’s refusal to return the children timely) that was the subject matter of his rule to terminate visitation, the judgment dismissing those pleadings with prejudice bars any subsequent suit thereon. Mr. Moore further alleges that Mr. Cardenas’s civil action is “incidental” to the Family Court child custody and visitation proceedings and thus, within the subject matter jurisdiction of the Family Court.
The portion of LSA-R.S. 13:1401 that might provide the Family Court subject matter jurisdiction over Mr. Cardenas’s claim is found in Section A(l) and states:
*1143 All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings.
(Emphasis added.)
Thus, the issue before us is whether Mr. Cardenas’s district court tort action is “incidental” to the custody and visitation proceedings of the Family Court.
Incidental is defined as “[subordinate to something of greater importance; having a minor role.” Black’s Law Dictionary, 765 (7th ed.1999). Thus, the statute states that the Family Court has exclusive jurisdiction over all actions for custody and visitation of children, as well as over all matters subordinate to, or having a minor role in, the custody and |svisitation proceedings. Considering the language of the constitution and the statute, the laws regarding the Family Courts’ jurisdiction are clear, and unambiguously establish that family courts only have jurisdiction over the minor matters relative to child custody or visitation proceedings. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9.
Mr. Cardenas’s action for the damages he sustained as a result of Mr. Moore’s alleged intentional tortious acts is not “incidental” to the child custody and visitation action between Mr. Cardenas and Belinda, as contemplated by the statute. To hold otherwise would be to enlarge the limited jurisdiction of the Family Court beyond that specified by the legislature. See Bovia v. Ledig, 09-0900 (La.App. 1 Cir. 3/2/10), 36 So.3d 287, 288 (wherein this court concluded that the Family Court did not have subject matter jurisdiction over the property partition of the parties’ former domicile where the parties had children but were never married, even though the mother brought the partition proceeding against the father incident to the child custody and support proceedings between the parties.)
We conclude that the petition of Mr. Cardenas states a tort claim properly brought in the District Court, and not a cause of action “incidental” to a custody and visitation matter in the Family Court. While the same conduct may have given rise to incidental custody matters such as contempt of court and alteration of custody or visitation, the Family Court does not have subject matter jurisdiction to hear tort claims and is not empowered to grant a valid judgment addressing such claims. Thus, Mr. Cardenas’s tort claim cannot be barred by an exception of res judicata filed in the District [9Court. The trial court erred in maintaining the exception of res judicata and in granting summary judgment.

CONCLUSION

The judgment of the Eighteenth Judicial District Court is reversed and this matter is remanded to the District Court for further proceedings. All costs of this appeal are assessed to defendant/appellee, Mr. James L. Moore.
REVERSED AND REMANDED.
CARTER, C.J., concurs in the result.

. Although the judgment refers to Belinda’s time with the children as "visitation,” the time parents with joint legal custody share with their child is more properly described as *1140 a physical custody allocation of a joint custody plan, rather than visitation. See Cedotal v. Cedotal, 05-1524 (La.App. 1 Cir. 11/4/05), 927 So.2d 433, 436.

. Mr. Moore filed exceptions, raising the objections of res judicata and no cause of action, and also re-urged the same exceptions in the form of a motion for summary judgment, arguing that there were no genuine issues of material fact as to whether Mr. Cardenas’s claims were barred by res judicata, or as to whether Mr. Cardenas had a valid cause of action. In the court’s oral reasons for judgment, the trial judge is clear that his ruling was based on his finding that Mr. Cardenas’s claims had been litigated to final judgment in the Family Court proceedings and were thus barred by res judicata:
THE COURT: I’m ruling basically on what he has set forth in here, that the matter has already been handled in the East Baton Rouge case and those judgments over there terminating those Rules for Contempt and all but the prejudice seems to be a res judicata of these issues.
MR. FRY: Do you want to rule now on the other elements, the no cause of action?
THE COURT: I don’t need to. I don’t need to.

. As previously stated, the trial court's judgment ruled only on the exception of res judi-cata and summary judgment urging res judi-cata. No ruling on the exception of no cause of action was made and therefore we will not address this assignment of error.

. Louisiana Revised Statutes 13:1401 was subsequently amended by Acts 2010, No. 754, Section 2, effective January 1, 2011 to insert “and nonsupport,” in paragraph (A)(1).
However the previous version, applicable at the time of the filing of this lawsuit, is used in this opinion.