**NOT DESIGNATED FOR PUBLICATION**

# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2024 CA 0776

### RONALD BIAS

### VERSUS

### CARL J. FOSTER AND JOHN B. WELLS

Judgment Rendered: ___DEC 3 0 2024___

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 687496

Honorable Richard "Chip" Moore, Judge Presiding

\* \* \* \* \* \*

Ronald Bias
Baton Rouge, Louisiana

Plaintiff/Appellant
Pro se

John B. Wells
Slidell, Louisiana

Counsel for Defendant/Appellee
Carl J. Foster

Robert D. McMillin
Slidell, Louisiana

Counsel for Defendant/Appellee
Military-Veteran Advocacy, Inc.

Connell L. Archey
Allena W. McCain
Madaline King Rabalais
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
John B. Wells

\* \* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND LANIER, JJ.**

**McCLENDON, J.**

The plaintiff sought leave to file a fifth amended and supplemental petition in order to re-name a defendant previously dismissed from the underlying litigation with prejudice; to add two previously unnamed defendants; to plead a supplemental claim; and to remove a previously pled and dismissed claim. The trial court denied the plaintiff's motion for leave to amend. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

The *pro se* plaintiff, Ronald Bias, initiated this suit in the 19th Judicial District Court on September 6, 2019 against Carl Foster, a former colleague with whom Bias has a long-standing conflict, and John B. Wells, an attorney who represented Foster in prior litigation between Bias and Foster (collusion suit). In Bias's collusion suit, he alleged that, in connection with the long-standing conflict between Bias and Foster, Wells and Foster conspired to harm Bias in retaliation for complaints he initiated against Wells and for the prior litigation involving Foster. As the convoluted and lengthy history of the dispute between the parties underlying the collusion suit is pertinent to the appeal before us, we begin by reviewing same.

The dispute between Bias and Foster arose while they were both employed at Amite High School in Tangipahoa Parish as Junior Reserve Officer Training Corps (JROTC) instructors for the United States Marine Corps (USMC) and United States Navy (Navy). Foster was Bias's subordinate. In 2009, Bias was recalled to active duty due to a miscalculation regarding his retirement eligibility, but was permitted to keep his position as a JROTC instructor. Foster voiced concerns about Bias holding the two positions simultaneously. Subsequently, in 2009 and 2010, Bias reported Foster to the JROTC Regional Director and the Amite High principal for alleged misconduct. In 2010, as a result of Bias's misconduct allegations, the Navy and the USMC both decertified Foster as a

---

[1] Portions of the facts and procedural history presented herein are borrowed and summarized from this court's previous opinion in this matter, **Bias v. Foster**, 2022-0408 (La.App. 1 Cir. 11/4/22), 356 So.3d 49, writ denied, 2023-00007 (La. 3/28/23), 358 So.3d 515, and from this court's opinion in the related case of **Foster v. Bias**, 2022-0329 (La.App. 1 Cir. 12/22/22), 358 So.3d 520, writ denied, 2023-00090 (La. 3/28/23), 358 So.3d 503.

JROTC instructor, and Foster's employment at Amite High School was terminated. In the aftermath, both Bias and Foster filed multiple lawsuits.

Foster's Decertification Suit

In November 2011, represented by Wells, Foster filed suit in the United States District Court for the District of Columbia seeking review of his decertification as a JROTC instructor (decertification suit). Named as defendants in the decertification suit were the Secretary of the Navy and the Commanding General of the USMC Training and Education Command. See **Foster v. Mabus**, 895 F.Supp.2d 135 (D.D.C. 2012); **Foster v. Mabus**, 103 F.Supp.3d 95 (D.D.C. 2015). The District of Columbia dismissed the decertification suit with prejudice in June 2015 pursuant to a "Stipulation of Settlement and Dismissal" (stipulation), in exchange for a $12,000.00 settlement payment to Foster and Foster's recertification as a JROTC instructor. The stipulation also included terms providing that Foster would not sue former employees of the Marine Corps regarding events complained of in the decertification suit (waiver of claims). Pertinent to the litigation that followed, the waiver of claims was limited by language stating that nothing in the stipulation "shall affect: (i) any rights or claims that may arise after the date [Foster] signs this Stipulation; and (ii) any right or claims against third parties not covered by this agreement."

Bias's False Claims Act Suit

While Foster's decertification suit was pending, Bias filed suit in the United Stated District Court for the Eastern District of Louisiana in September 2012 asserting claims arising under state and federal law, including the False Claims Act, 31 U.S.C. 3729, *et seq.* (false claims suit), against Foster, the Tangipahoa Parish School Board, and the principal of Amite High School. See **U.S. ex rel. Bias v. Tangipahoa Parish School Board**, 2012-2202, 2014 WL 1512001 (E.D. La. Mar. 26, 2014); **United States ex rel. Bias v. Tangipahoa Parish School Board**, 2012-2202, 2014 WL 12675261, at *2 (E.D. La. May 15, 2014). Wells did not represent Foster in the false claims suit. Ultimately, the Eastern District dismissed Bias's 31 U.S.C. 3729 claim on the basis of judicial estoppel, because Bias had not disclosed the false claims suit in pending bankruptcy proceedings as required. Bias's other claims were also dismissed as untimely. See **United States ex rel. Bias v. Tangipahoa Parish School Board**, 2012-2202, 2017 WL 4049596 (E.D.

3

La. 2017), aff'd sub nom. **United States ex rel. Bias v. Tangipahoa Parish School Board**, 766 F. App'x 38 (5th Cir. 2019).

Bias's Complaints against Wells

In September 2013, Bias filed complaints against Wells with two separate entities (collectively, "Bias's complaints against Wells"). Bias's first complaint, which was filed with the United States Department of Defense, Defense Privacy and Civil Liberties Office (DPCLO), alleged Wells illegally gained access to Bias's military records and disclosed contents of same. In an April 2015 letter, DPCLO confirmed both that Bias's personally identifiable information was released without authorization, and that Bias's personally identifiable information was in the possession of a staff investigator for Wells prior to an authorized release. However, DPCLO was unable to determine the source or circumstances of the unauthorized release. Bias's second complaint against Wells, which was filed with the Louisiana Attorney Disciplinary Board, asserted that Wells violated the Rules of Professional Conduct in connection with his representation of Foster. The Louisiana Attorney Disciplinary Board dismissed Bias's complaint in April 2014.

Foster's Defamation Suit

While Bias's false claims suit remained pending, Foster, again represented by Wells, sued Bias for defamation in the 19th Judicial District Court (defamation suit) in November 2015. Therein, Foster alleged that Bias made defamatory statements about Foster during a deposition taken in connection with Bias's false claims suit. In response, Bias filed a special motion to strike pursuant to LSA-C.C.P. art. 971(F)(1)(a). The trial court denied Bias's special motion to strike, and Bias sought this court's review. On December 28, 2016, this court granted Bias's writ application, reversed the district court's judgment, and granted Bias's special motion to strike. This court explained that Bias was "afforded absolute immunity from civil defamation liability regardless of malice or falsity" because the alleged defamatory statements were made during a deposition and were directly related to Bias's false claims suit. See **Foster v. Bias**, 2016-1376 (La.App. 1 Cir. 12/28/16), 2016 WL 7470012 (unpublished writ action), writ denied, 2017-0181 (La. 3/24/17), 216 So.3d 793.

4

Foster's Abuse of Process Suit

After learning that Bias's false claims suit had been dismissed on the basis of judicial estoppel, Foster, again represented by Wells, filed a second suit against Bias in the 19th Judicial District Court in August 2018. Therein, Foster sought damages for abuse of process based on Bias's failure to disclose his false claims suit to the bankruptcy trustee (abuse of process suit). Bias filed peremptory exceptions[2] raising the objections of no cause of action, no right of action, and prescription, which the district court sustained. On appeal, this court in **Foster v. Bias**, 2022-0329 (La.App. 1 Cir. 12/22/22), 358 So.3d 520, writ denied, 2023-00090 (La. 3/28/23), 358 So.3d 503, affirmed that portion of the trial court's judgment that sustained Bias's peremptory exception of no cause of action and dismissed Foster's abuse of process suit with prejudice. **Id.** at 527-528.

Bias's Collusion Suit

As set forth above, Bias filed this *pro se* suit alleging that Wells and Foster colluded to retaliate against Bias for his complaints against Wells and the prior litigation between Bias and Foster. Bias's initial allegations against Wells included claims for: abuse of process; breach of the stipulation; malicious prosecution; intentional infliction of emotional distress; violating Bias's constitutional right of free speech; and aiding and abetting Foster in the commission of tortious acts. Wells removed Bias's collusion suit to federal court, and Bias apparently amended the suit to remove the sole federal claim. The collusion suit was then remanded to state court, where Bias filed his second amended petition. See **Bias v. Foster**, 2022-0408 (La.App. 1 Cir. 11/4/22), 356 So.3d 49, 55 n.2, writ denied, 2023-00007 (La. 3/28/23), 358 So.3d 515. As amended, the collusion suit alleged that Wells and Foster conspired to file the defamation suit and abuse of process suit in order to retaliate against Bias; that Bias was a third-party beneficiary of the stipulation in Foster's decertification suit, and therefore, Foster's waiver of claims against former Marine Corps employees precluded Foster's suits against Bias, as a former Marine

---

[2] Louisiana Code of Civil Procedure article 922 recognizes only three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. In this case, numerous peremptory exceptions pleading the objections of prescription, no cause of action, and no right of action are referenced. See LSA-C.C.P. art. 927. Subsequently herein, for brevity, we sometimes refer to said exceptions as exceptions of prescription, exceptions of no cause of action, or exceptions of no right of action.

Corp employee; that Wells admitted Foster's claims against Bias arose out of Foster's decertification suit and Bias's FCA Suit; that Wells's representation to Foster in his suits against Bias exceeded the scope of Wells's position as an attorney, and was done intentionally and with malice for the purpose of retaliation; that because Wells knew of the stipulation and Foster's waiver of claims, Wells was acting as a co-conspirator rather than an attorney and attempted to use his status as an attorney to avoid liability; that Wells's actions constituted negligence; and that Wells and Foster conspired to violate 42 U.S.C. § 1985(2) by attempting to intimidate Bias from testifying.

In response to Bias's second amended petition, Wells filed an exception asserting that Bias failed to state a cause of action based solely on Wells's representation of Foster. The trial court denied the exception, and Bias sought supervisory writs. On review, this court issued the following:

> **WRIT GRANTED WITH ORDER.** The trial court's January 21, 2021 judgment denying the peremptory exception of no cause of action filed by the relator, John B. Wells, is reversed. The original and amending petitions filed by the plaintiff, Ronald Bias, fail to state a cause of action against Wells, the attorney of Bias'[s] adversary, Carl J. Foster. In particular, Bias fails to state a cause of action against Wells for breach of the "Stipulation of Settlement and Dismissal" because Wells was not a party to that agreement.
>
> Bias fails to state a cause of action against Wells for negligence because Wells, the attorney for Bias'[s] adversary, owed no legal duty to Bias. See **Penalber v. Blount**, 550 So.2d 577, 581 (La. 1989); **Montalvo v. Sondes**, 637 So.2d 127, 130 (La. 1994). The remainder of the allegations contained in Bias'[s] petitions refers to Wells'[s] representation of Foster in a defamation suit and an abuse of process suit filed by Wells on Foster's behalf. In bringing a cause of action against an attorney based on intentional tort, it is essential for the petition to allege facts showing specific malice or an intent to harm on the part of the attorney. **Montalvo**, 637 So.2d at 130 (La. 1994). Legal or factual conclusions, absent facts which support such conclusions, are insufficient. See **Id**. at 131. We find that Bias'[s] original and amending petitions fail to allege specific actions evidencing Wells'[s] malice or intent to inflict direct harm. Additionally, Bias fails to state a cause of action against Wells based on the filing of the abuse of process suit because there has been no "bona fide termination" of the abuse of process suit in Bias'[s] favor. See **Id**. Accordingly, the exception of no cause of action filed by Wells is granted, and this matter is remanded to the district court with instructions to afford Bias an opportunity to amend his petition, if he can, to state a cause of action against Wells. See La. Code Civ. P. art. 934.

See **Bias v. Foster**, 2021-0172 (La.App. 1 Cir. 5/12/2021), 2021 WL 1910987 (unpublished writ action) (**Bias I**).

After this court's order in **Bias I**, Bias amended the collusion suit a third time. Wells filed an exception of no cause of action as to the third amended petition. Bias sought leave to file a fourth amended and supplemental petition in the collusion suit, which was denied.[3]

Following a November 29, 2021 hearing, the trial court signed a December 20, 2021 written judgment granting Wells's exception of no cause of action as to the third amended petition and dismissing "all claims by plaintiff, Ronald Bias, against John B. Wells," with prejudice. Bias appealed.

On appeal, this court found its rulings in **Bias I** – specifically, that "Bias fail[ed] to state a cause of action against Wells for breach of the [stipulation] because Wells was not a party to that agreement" and that "Bias fail[ed] to state a cause of action against Wells for negligence because Wells, the attorney for Bias'[s] adversary, owed no legal duty to Bias" – were law of the case. Thus, the only issue remaining for review was "whether Bias ha[d] alleged specific facts evidencing Wells'[s] malice or intent to inflict direct harm sufficient to state a cause of action against Wells based on an intentional tort." **Bias v. Foster**, 2022-0408 (La.App. 1 Cir. 11/4/22), 356 So.3d 49, 59-60, writ denied, 2023-00007 (La. 3/28/23), 358 So.3d 515 (**Bias II**). This court agreed with the trial court's conclusion that Bias had failed to state a cause of action against Wells in intentional tort, and further found:

> Based on our thorough review of the record before us, we cannot contemplate any amendment that Bias could make to his petition to remove the grounds of the objection as it relates to his intentional tort claim against Wells. . . .
>
> For the above and foregoing reasons, we affirm the district court's December 20, 2021 judgment, sustaining the peremptory exception raising

---

[3] Initially, Bias filed a pleading captioned "Plaintiff's *Ex Parte* Motion to File Plaintiff's Fourth Amended and Supplemental Petition[,]" which did not include a request for leave to file the fourth amended and supplemental petition or an order to set a contradictory hearing date. In response, Wells filed a motion to strike the fourth amended and supplemental petition. Bias then sought to withdraw his *ex parte* motion and filed a pleading captioned "Plaintiff's Motion for Leave to File Plaintiff's Fourth Amended and Supplemental Petition[.]"According to the November 29, 2021 hearing transcript, while certain allegations contained in Bias's fourth amended and supplemental petition were discussed, the trial court explicitly noted that Bias did not provide facts supporting those allegations. The November 29, 2021 hearing transcript also contained mention of Wells's motion to strike Bias's fourth amended and supplemental petition. However, the December 20, 2021 judgment did not mention either the motion for leave or the motion to strike. Silence in a judgment as to any issue, claim, or demand placed before the court is generally deemed a rejection of the claim, and the relief sought is presumed to be denied; thus, Bias's motion for leave to file the fourth amended and supplemental petition was deemed denied. See **Bias v. Foster**, 2022-0408 (La.App. 1 Cir. 11/4/22), 356 So.3d 49, 57 n.4, writ denied, 2023-00007 (La. 3/28/23), 358 So.3d 515.

the objection of no cause of action filed by John B. Wells, and dismissing, with prejudice, all claims filed by Ronald Bias against John B. Wells.

**Bias II**, 356 So.3d at 61-62.

On March 28, 2023, the supreme court denied writs in both Bias's collusion suit and Foster's abuse of process suit. See **Bias v. Foster**, 2023-00007 (La. 3/28/23), 358 So.3d 515 and **Foster v. Bias**, 2023-00090 (La. 3/28/23), 358 So.3d 503.

Giving rise to this appeal, Bias sought leave to amend the collusion suit for the fifth time on December 21, 2023, over nine months after the trial court denied writs in **Bias II** and Foster's abuse of process suit.[4] The fifth amended and supplemental petition sought to re-name Wells as a defendant; to add as defendants the "Law Offices of John B. Wells" (Wells's Law Office), a sole proprietorship owned and operated by Wells, and "Military-Veterans Advocacy, Incorporated" (MVA, Inc.), a non-profit law firm operated by Wells; to remove claims for breach of the stipulation; and to add claims for abuse of process "based on the recent, final dismissal of Foster's lawsuit against Bias." Bias argued he should be permitted to file the fifth amended and supplemental petition because his "claims for malicious prosecution and abuse of process against Foster and Wells based

---

[4] We note that shortly before Bias moved for leave to file the fifth amended and supplemental petition, LSA-C.C.P. art. 1153, which governs supplemental pleadings, was amended by 2023 La. Acts No. 5, §1 (eff. Aug. 1, 2023). Prior to the amendment, LSA-C.C.P. art. 1153 provided:

> The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.

As amended, LSA-C.C.P. art. 1153 provides:

> The court, upon written consent of the parties, may permit the mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses that have become exigible since the date of filing the original petition or answer, and that are related to or connected with the causes of action or defenses asserted therein. If the parties do not consent, the court may grant leave to file a supplemental petition or answer only upon contradictory motion.

The 2023 comments to LSA-C.C.P. art. 1153 provide:

> (a) This Article changes procedural law by providing that a party who wishes to file a supplemental pleading must either have the consent of all parties or file a contradictory motion. Previously, a party was permitted to file a supplemental pleading after obtaining leave of court and providing "reasonable notice," the meaning of which was uncertain. The filing of a contradictory motion will guarantee that other parties are afforded an opportunity to object to the filing of a supplemental pleading and will therefore alleviate concerns with respect to what constitutes "reasonable notice."

> (b) With this change to Article 1155, the practice of filing an "Amending and Supplemental Petition" should be avoided unless the petition contains causes of action that have become exigible since the filing of the original petition. Whereas the filing of an amending petition under Article 1152 requires only leave of court, the filing of a supplemental petition under this Article will require a contradictory hearing if all parties do not consent.

on their filing of the dismissed Abuse of Process Lawsuit against Bias [became] ripe for adjudication" upon the supreme court's March 28, 2023 denial of writs in Foster's abuse of process suit.

Wells opposed Bias's motion for leave to file the fifth amended and supplemental petition. Wells argued that because this court entered a final judgment dismissing "all" of Bias's claims against Wells with prejudice, and the supreme court denied writs, the judgment in **Bias II** had become final and definitive, and was not subject to amendment by any court. Wells further argued that Bias was precluded from filing the fifth amended and supplemental petition by *res judicata*, because the claims asserted therein arose from the same transaction or occurrence as the claims previously asserted in the collusion suit and dismissed with prejudice in **Bias II**.

Bias's motion for leave to file the fifth amended and supplemental petition was heard on March 11, 2024. During the hearing, Bias argued that the only claims he sought to assert against Wells in the fifth amended and supplemental petition were those "based on Foster's abuse of process lawsuit," which he maintained "became ripe for adjudication as of the Supreme Court decision [in] March of last year." In support of this position, Bias cited this court's finding in **Bias I** that he "fail[ed] to state a cause of action against Wells based on the filing of the abuse of process suit because there has been no 'bona fide termination' of the abuse of process suit in Bias'[s] favor." Thus, Bias contended that his claims against Wells based on Foster's abuse of process suit were not before the court at the time the judgment in **Bias II** was rendered, and consequently, **Bias II** did not preclude him from asserting claims against Wells based on Foster's abuse of process suit. After hearing arguments from both parties, the trial court orally denied Bias's motion for leave, stating, in pertinent part:

> [I]t's my feeling, sir, that these claims that you've asserted against Mr. John Wells, they are final. They are over. I think the First Circuit spoke - - affirmed me. The Supreme Court didn't need to talk about it. They thought it was correct. And so your motion to amend and supplement the fifth petition is denied.

The trial court memorialized its oral ruling in a written judgment dated March 25, 2024, which provided, in pertinent part:

Considering the pleadings, law, and arguments, and upon finding that the dismissal of the claims against John B. Wells was with prejudice, final and definitive;

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to File Plaintiff's Fifth Amended and Supplemental Petition be and is hereby DENIED, with Plaintiff bearing costs.

From this judgment, Bias appealed.[5]

## APPELLATE JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. This court's appellate jurisdiction extends only to final judgments, which determine the merits in whole or in part, and to interlocutory judgments made expressly appealable by law. See LSA-C.C.P. arts. 1841 and 2083; **Bias v. Haley**, 2023-0281 (La.App. 1 Cir. 11/3/23), 383 So.3d 175, 181.

On August 26, 2024, this court issued an *ex proprio motu* order noting that the March 25, 2024 judgment before us on appeal appeared to be a non-appealable ruling. Thus, the order directed the parties to show cause by briefs whether the appeal should or should not be dismissed. Upon receipt and review of the parties' briefs, we referred the matter to the merits panel. Accordingly, we now consider whether our appellate jurisdiction extends to the March 25, 2024 judgment at issue before us.

This court has previously found that a judgment denying leave to file a supplemental and amending petition constitutes an interlocutory judgment that is generally not appealable. See **Barringer v. Robertson**, 2015-0698 (La.App. 1 Cir. 12/2/15), 216 So.3d 919, 926 n.7, writ denied, 2016-0010 (La. 2/26/16), 187 So.3d 1004. However, such an interlocutory judgment is subject to review by an appellate court when an appealable judgment is rendered in the same case. **Id**. In this matter, the March 25, 2024 ruling denying Bias leave to file a fifth amended and supplemental petition

---

[5] On March 20, 2024, Bias filed a pleading captioned "Petition for Devolutive Appeal and to Stay Proceedings" and which sought review of the trial court's "March 11, 2024" judgment. Although we note that Bias's motion for appeal referenced the date of the trial court's oral ruling, rather than the date on which the written judgment was signed, it is clear from Bias's motion for appeal that he sought to appeal the March 11, 2024 judgment which was later memorialized in the March 25, 2024 judgment. See **Wilson v. Whitfield**, 2022-0488 (La.App. 1 Cir. 2/24/23), 361 So.3d 512, 515 n.2.

10

maintained the previous dismissal of all of Bias's claims against Wells. Thus, there are presently no unresolved or pending issues between Bias and Wells. Accordingly, we find that the March 25, 2024 judgment is final for purposes of appeal, and we maintain the appeal.[6]

## LAW AND DISCUSSION

At the outset of this discussion, we note several well-settled points of law regarding *pro se* litigants such as Bias: first, that *pro se* litigants are accorded greater leeway in the interpretation of their pleadings, see **Kling v. Hebert**, 2023-00257 (La. 1/26/24), 378 So.3d 54, 59; and second, that *pro se* litigants nevertheless assume responsibility for their own inadequacy and lack of knowledge of both procedural and substantive law. **Clark v. Byers Engineering Company Contractors**, 2016-0907 (La.App. 1 Cir. 4/20/17) 2017 WL 1424069, *3 n.4 (unpublished), citing **Rader v. Department of Health and Hospitals, Office of Public Health, Engineering Services**, 94-0763 (La App. 1 Cir. 3/3/95), 652 So.2d 644, 646. We further note that, in all cases, Louisiana courts are obligated to look through the caption of pleadings in order to ascertain their substance and to construe every pleading so as to do substantial justice. LSA-C.C.P. art. 865; see **Armstrong v. ARCCO Company Services, Inc.**, 2021-0131 (La.App. 1 Cir. 10/18/21), 331 So.3d 939, 945. Thus, while it is sometimes difficult to discern Bias's arguments from his *pro se* pleadings, and although we do not address each assignment of error or issue for review individually, we consider all of the substantive issues Bias raises on appeal with these legal precepts in mind.[7]

---

[6] We further note that Bias sought his appeal within the supervisory writ delays. Thus, even if we had found that the March 25, 2024 judgment was not final for purposes of appeal, we could have converted the appeal to a supervisory writ application and address the merits. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39 ("[T]he decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts.").

[7] On appeal, Bias assigns three errors: (1) the trial court abused its discretion by ruling on claims where it lacked subject matter jurisdiction because the claims were not ripe for judicial determination; (2) the trial court abused its discretion by denying Bias an opportunity to amend his petition; (3) the trial court committed legal error in its application of the standard set forth in **Montalvo v. Sondes**, 637 So.2d 127 (La. 1994), in an unconstitutional manner to deny Bias his constitutional right to petition the court for redress of wrongs. Bias also identifies five issues for review: (1) Is LSA-C.C.P. art. 2083 constitutional? (2) Did the trial court have subject matter jurisdiction to rule on premature claims? (3) If the trial court had jurisdiction to rule on premature claims, should the premature claims have been dismissed without prejudice? (4) As applied to the facts of this case by the trial court, is the standard set forth in **Montalvo**, 637 So.2d 127, for stating tort claims against an adversary's attorney constitutional? (5) Should judicial estoppel apply to bar the argument that Bias's claims were previously dismissed with prejudice?

The judgment before us on appeal is the trial court's March 25, 2024 judgment denying Bias's motion for leave to file the fifth amended and supplemental petition. An amended pleading either restates the allegations of a claim or defense which were imperfectly stated, or adds a new claim or defense which existed, but was not pleaded, when the original pleading was filed. In contrast, a supplemental pleading sets forth a new claim or defense, or an item of damages, which arose after the filing of the original pleading. **Harris v. Union National Fire Insurance Company**, 2014-1603 (La.App. 1 Cir. 6/18/15), 175 So.3d 1008, 1012, citing 1 La. Civ. L. Treatise, Civil Procedure § 6:10 (2d ed.). Amendment of pleadings should be liberally allowed provided that the movant is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial on the issues will not be unduly delayed. **Palowsky v. Cork**, 2019-0148 (La.App. 1 Cir. 5/20/20), 304 So.3d 867, 875. In contrast, supplementation of pleadings is permissible only if there is sufficient connexity with the claim or defense initially asserted, and only after a contradictory hearing against the opposing party. **Harris**, 175 So.3d at 1012, citing 1 La. Civ. L. Treatise, Civil Procedure § 6:10 (2d ed.). The decision whether to grant leave to amend or supplement a pleading is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal except where an abuse of discretion has occurred and indicates a possibility of resulting injustice. **Palowsky**, 304 So.3d at 875.

Having carefully considered the record before us and the applicable law, we find the trial court properly denied Bias's motion for leave to file the fifth amended and supplemental petition. As set forth above, the judgment rendered in **Bias II** explicitly dismissed "all" of Bias's claims against Wells. A judgment that decides the merits of the case in whole or in part is a final judgment. LSA-C.C.P. art. 1841; **Batson v. South Louisiana Medical Center**, 2006-1998 (La.App. 1 Cir. 6/13/07), 965 So.2d 890, 895-96, writ denied, 2007-1479 (La. 10/5/07), 964 So.2d 945. A final judgment becomes final and definitive and acquires the authority of the thing adjudged if no further review is sought within the time fixed by law, if the supreme court denies an application for certiorari, or if the judgment is confirmed on further review. LSA-C.C.P. arts. 2166(E) & 2167; **Batson**, 965 So.2d at 895-896. Once a final judgment becomes final and definitive

12

and acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise, or reverse the judgment, regardless of the magnitude of the error in the final judgment. **Id**. at 896.

Because this court affirmed the trial court's December 20, 2021 judgment and the supreme court denied writs, the December 20, 2021 judgment has acquired the authority of a thing adjudged. Therefore, no court has the power or authority to modify, revise, or reverse the dismissal of "all" of Bias's claims against Wells. This is true regardless of the magnitude of any alleged or actual error in the final judgment.[8] See **Batson**, 965 So.2d at 896.

While we note Bias's argument that the only claims he sought to assert against Wells in the fifth amended and supplemental petition were his claims based on Foster's abuse of process suit, the record plainly reflects that Bias asserted claims for abuse of process in his original petition in the collusion suit, in his second amended petition in the collusion suit, and in his third amended petition in the collusion suit, which was the petition before the court in **Bias II**. See **Bias II**, 356 So.3d at 55-56. As set forth above, in **Bias II**, this court explicitly considered "whether Bias ha[d] alleged specific facts evidencing Wells'[s] malice or intent to inflict direct harm sufficient to state a cause of action against Wells based on an intentional tort[,]" and found that he had not. We further stated, "we cannot contemplate any amendment that Bias could make to his petition to remove the grounds of the objection as it relates to his intentional tort claim against Wells[,]" and affirmed the dismissal, with prejudice, of all claims filed by Bias against Wells. **Bias II**, 356 So.3d at 60-62. Consequently, the judgment dismissing all of Bias's claims against Wells in **Bias II** dismissed Bias's claims against Wells based on Foster's abuse of process suit, and the finality of that judgment, now precludes Bias from reviving

---

[8] We note Bias's argument that the trial court lacked subject matter jurisdiction to dismiss his claims against Wells based on the abuse of process suit. However, the Louisiana Constitution, Article V, §16(A), states that except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. **Bovia v. Ledig**, 2009-0900 (La.App. 1 Cir. 3/2/10), 36 So.3d 287, 288. Bias's collusion suit against Wells and Foster asserted causes of action in contract and tort, which are classified as civil matters traditionally adjudicated by district courts in Louisiana. See **Wooley v. AmCare Health Plans of Louisiana, Inc.**, 2005-2025 (La.App. 1 Cir. 10/25/06), 944 So.2d 668, 676. Accordingly, the 19th Judicial District Court had subject matter jurisdiction over this action.

claims based on Foster's abuse of process suit against Wells.[9] Likewise, **Bias II** precludes Bias from amending his petition in the collusion suit to remove the claims based on breach of the stipulation, as they have already been dismissed.

We further find that the trial court did not abuse its discretion in denying the proposed amendment to name Wells's Law Office and MVA, Inc. as additional defendants at this late stage in the litigation. The fifth amended and supplemental petition alleged that it concerned "two malicious and retaliatory lawsuits filed in abuse of legal process against Bias by [Foster], in collusion with [Wells] through his law firm, Law Offices of John B. Wells," and was related to Foster's decertification suit, which was "used to retaliate against Bias" and was "filed through the nonprofit law firm, [MVA, Inc., which] has as its attorney [Wells]." However, the third amended petition identified Wells as "a natural person and Louisiana attorney domiciled in St. Tammany Parish, Louisiana and sole member of the Law Offices of John B. Wells[.]" Additionally, Bias attached a copy of the stipulation filed in the decertification suit to the third amended petition, and the signature page of the stipulation identified Wells, through Military-Veterans Advocacy, Inc., as Foster's counsel in that matter. This court considered similar facts in **Carter v. Safeco Ins. Co.**, 435 So.2d 1076, 1081 (La.App. 1 Cir. 1983), wherein a personal injury plaintiff sought to name the insured as a defendant two and one-half years after the accident. The trial court rejected the amendment, and the plaintiff appealed. On appeal, this court wrote:

> [T]his is not a case of a closely related but incorrectly identified defendant, nor is this a case of a suit brought in the wrong capacity. Rather, [the] plaintiff knew who [the insured] was, he knew where to find him, and he knew [the insured's] daughter was involved in the accident. In short, the search for the truth … would not be furthered by allowing [the] plaintiff to amend to name [the insured]. Amendment at this time would not serve any legitimate purpose other than to give [the] plaintiff access to an additional source of funds that [the] plaintiff delayed seeking from the beginning.

> Under the facts in this case, we feel that permitting [the plaintiff] to amend to name [the insured] after final judgment, in a situation where he could have been cited since the inception of the case, would work

---

[9] Moreover, with respect to Bias's proposed amendment to re-name Wells as a defendant in the fifth amended and supplemental petition, this court's jurisprudence does not permit a party to "bring [a previously dismissed party] back" into litigation by filing an amended or supplemental petition. See **Templet v. Johns**, 417 So.2d 433, 435 (La.App. 1 Cir. 1982), writ denied, 420 So.2d 981 (La. 1982); **Meadows v. Cross Gates, Inc.**, 2003-1408 (La.App. 1 Cir. 4/2/04), 878 So.2d 674, 676, writ denied, 2004-1060 (La. 6/18/04), 876 So.2d 813; and **Vance v. Edwards**, 2023-0016 (La.App. 1 Cir. 10/30/23), 377 So.3d 710, 715, writ denied, 2024-00005 (La. 2/27/24), 379 So.3d 1266.

14

substantial prejudice to [the insured]. Thus, we feel the trial judge did not abuse his discretion in rejecting the amendment and we therefore affirm his decision.

**Carter**, 435 So.2d at 1081.

In this matter, as in **Carter**, it is clear that Bias knew the identity of the two entities he now seeks to add as defendants, and knew of their involvement in the events underlying the instant suit, years before he sought to name them as defendants herein. Consequently, granting Bias leave to amend his petition to name Wells's Law Office and MVA, Inc. as defendants at this stage of the proceedings would not further the search for the truth, nor would it serve any legitimate purpose other than to give Bias access to an additional source of funds that he delayed seeking from the beginning. See **Carter**, 435 So.2d at 1081. Accordingly, we find no abuse of discretion in the trial court's judgment rejecting the amendment to the extent it sought to add Wells's Law Office and MVA, Inc., as defendants.

## CONCLUSION

For the foregoing reasons, the trial court's March 25, 2024 judgment denying Ronald Bias's motion for leave to file the fifth amended and supplemental petition is affirmed. Costs of this appeal are assessed to Ronald Bias.

**AFFIRMED.**